OPINION OF THE COURT
Louis A. Barone, J.
The parties appeared before this court on two petitions. Sona Tutak is seeking support from her husband Koran Tutak, for herself and her infant child. Koran Tutak seeks an order of visitation.
An interim order of visitation dated and entered February 11, 1985 was consented to by the parties.
Counsel for respondent, Koran Tutak, orally moved the court to dismiss the petition for support. He alleges his client is in this country to attend school and he is presently attending Pace University. He has no green card, he cannot by virtue of his immigration status seek employment and cannot apply for public assistance. Therefore, the respondent cannot be required to support his wife under Family Court Act § 412 nor his child under Family Court Act § 413.
Petitioner’s attorney likewise orally moved the court for temporary support for both petitioner and her child. Statements were made that since the parties came to this country, and prior to the birth of their child, they were totally supported by respondent’s father. The parties lived in a home owned by the father, he paid all expenses connected therewith and provided all other necessities. For the past nine months, respondent’s father has been paying all expenses as before, including the additional expenses resulting from the birth of the child.
*437 Several months ago, respondent left the home he shared with petitioner and has been residing with his father. Even after respondent vacated the marital residence, respondent’s father continued paying all expenses. Recently, a disagreement occurred between petitioner and her father-in-law and her financial problems erupted.
Petitioner now seeks the aid of the court under Family Court Act article 4 to obtain support for herself and her child.
Both sections (Family Ct Act §§ 412, 413) indicate that respondent would be chargeable with the support of his wife and child “if possessed of sufficient means or able to earn such means”.
Respondent argues he is legally prevented from working, he has no independent income, and thus it is impossible for him to support his wife and child.
On the other hand, the petitioner is likewise under the same legal impediment. Her immigration status prevents her from working or applying for public assistance. What is her fate?
Both petitioner and respondent lived for several years on the largess of respondent’s father. The respondent is now living in a home with his father. His support has continued uninterrupted; he is clothed, fed, and sheltered from his sole and constant source of income.
Petitioner is at everyone’s mercy. Respondent is legally obligated to provide support to both petitioner and their child. He is not being held in this country against his will. He is free to return to his native land to obtain employment and provide for his dependents.
That statute considers the “ability to earn” as a factor in determining support. Respondent does have the “ability to earn” if not here, then in his own homeland and he is required to exercise that ability.
In Chapman v Chapman (28 AD2d 1028), the court, in determining support, considered “any and all assets which are or might be at the disposal of the respondent”.
The respondent has continually been the recipient of a “gift” from his father which totally provided the support of himself and his family.
In Blickstein v Blickstein (99 AD2d 287), the court considered a similar gift is setting the amount of support. In that case, respondent received $400 a month, as a gift, from an aunt. The money was received during the entire marital period and continued after the marital discord arose. The court held “[i]t is not *438 necessary that a party be contractually entitled to certain income before such income can be considered in arriving at the fair amount of child support to be paid” (supra, at p 294).
The gift was considered as a factor in determining support and the court indicated respondent always had the right to seek modification if at some future date the gift ceased.
In the case at bar — respondent is the recipient of a gift of support from his father. No specific monetary figure is available, but one can be calculated. The “gift” includes the cost of utilities, rent, food, clothing, recreation, transportation, medical care and insurance for the parties and the child.
Petitioner and her child are entitled to live pursuant to the standard created for them by respondent and the standard in which respondent continues to live. (Social Services Law § 111-i; Family Ct Act § 416.)
The petitioner is awarded $250 per week, temporary support, allocated equally for her and the child.
The matter will be set for an immediate hearing to determine the actual expenses and needs of the parties.