533 So.2d 828 (1988)
Margaret M. KUSE, Appellant,
v.
Robert Donald Thomas KUSE, Appellee.
No. 87-3019.
District Court of Appeal of Florida, Third District.
October 18, 1988.
Rehearing Denied December 7, 1988.
*829 Whitelock and Moldof and Charles Whitelock, Fort Lauderdale, for appellant.
Anthony J. Scremin, Miami, and Christina Broderman, for appellee.
Before BARKDULL and NESBITT, JJ., and GOMEZ, HELIO, Associate Judge.
PER CURIAM.
Appellant, the wife, appeals a final judgment of dissolution of marriage. She claims the trial court erred in a) rejecting her claim for alimony; b) distributing the marital property in a manner advantageous to the husband; and c) failing to award her attorney's fees. We find only the wife's claim for attorney's fees to be meritorious. We affirm in part, reverse in part, and remand.
An award of attorney's fees in order to avoid an inequitable diminution of funds is proper. Canakaris v. Canakaris, 382 So.2d 1197, 1205 (Fla. 1980). A court may award attorney's fees after consideration of the financial resources of both parties and a finding that one spouse has a superior financial ability to pay the fees. Bryan v. Bryan, 442 So.2d 362 (Fla. 1st DCA 1983), review denied, 450 So.2d 485 (Fla. 1984). See also O'Steen v. O'Steen, 478 So.2d 489 (Fla. 1st DCA 1985); see generally § 61.16, Fla. Stat. (1987); Smith v. Smith, 495 So.2d 229 (Fla. 2d DCA 1986).
We find that the trial court erred in failing to award attorney's fees to the appellant. The husband's longtime record of income production and his earning ability were substantially superior to those of the wife. See Blackburn v. Blackburn, 513 So.2d 1360 (Fla. 2d DCA 1987); Lochridge v. Lochridge, 526 So.2d 1010 (Fla. 2d DCA 1988). Appellee's salary is almost three times that of appellant. Additionally, while living in one apartment of the duplex he was awarded, appellee will still be receiving rents from the second apartment of that unit. Finally, while appellee was ordered to pay appellant $10,000 in cash, appellee was awarded over twice that amount in liquid assets. According to appellant's undisputed financial statement, there is no way that appellant could meet her attorney's fees obligation short of selling the marital home.
Accordingly, we reverse and remand for entry of a new order awarding appellant attorney's fees based upon the evidence and the federal lodestar methodology for the determination of attorney's fees. Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985).