559 So.2d 1177 (1990)
Ricardo MARTINEZ-CID, Appellant/Cross-Appellee,
v.
Recy MARTINEZ-CID, Appellee/Cross-Appellant.
Nos. 89-1056, 88-2586.
District Court of Appeal of Florida, Third District.
February 20, 1990.
Rehearing Denied April 20, 1990.
Steel, Hector & Davis and Joseph P. Klock, Jr., and Carlos A. Batlle, Miami, for appellant/cross-appellee.
Andrew M. Leinoff, Coral Gables, Mark A. Gatica, Miami, for appellee/cross-appellant.
Before HUBBART, BASKIN and GERSTEN, JJ.
PER CURIAM.
Ricardo Martinez-Cid appeals a Final Judgment of Dissolution of Marriage, an Amendment and Clarification to Final Judgment of Dissolution of Marriage, an order requiring him to pay half the wife's attorney's fees and costs, and a final order requiring him to pay 80% of the special master's fees and costs. His former wife, Recy Martinez-Cid, cross-appeals, challenging the requirement that Martinez-Cid pay only half her attorney's fees and costs. In addition, she seeks permanent rather than rehabilitative alimony. We find no merit in the points raised in the husband's appeal, but agree that one of the wife's contentions has merit. We affirm in part and reverse in part.
The 18 year marriage produced four children, all of whom are still minors. The trial court ordered child support and equitably distributed the marital assets. In addition, the court found that the wife, who was 38 years old and had worked in an office sporadically during the marriage, was entitled to receive rehabilitative alimony for six years. We affirm the decision as to rehabilitative alimony, but modify the order as to attorney's fees.
The purpose of rehabilitative alimony is to "establish the capacity for self-support of the receiving spouse, either through the development of previous skills or provision of the training necessary to develop potential supportive skills." Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980); Halberg v. Halberg, 519 So.2d 15, 16 (Fla. 3d DCA 1987); Sever v. Sever, 467 So.2d 492, 494 (Fla. 2d DCA 1985). After reviewing the facts of the case before us, we find that "the trial court's discretionary authority was reasonably exercised under the test set forth in Canakaris." Walter v. Walter, 464 So.2d 538, 539 (Fla. 1985). Canakaris announced the criteria to be used in determining the wife's needs as including "the parties' earning ability, age, health, education, the duration of the marriage, the standard of living enjoyed during its *1178 course, and the value of the parties' estates." Canakaris, 382 So.2d at 1201-02. The record before us demonstrates that the wife is young and capable of rehabilitating herself. See Askegard v. Askegard, 524 So.2d 736 (Fla. 1st DCA 1988). She possesses an undergraduate college degree as well as a real estate sales license (not current) and should be able to prepare for self-support with the six years of rehabilitative alimony the court ordered the husband to pay. At the end of the rehabilitation period, the wife may petition the court for an extension of rehabilitative alimony, if necessary. Mann v. Mann, 555 So.2d 1293 (Fla. 3d DCA 1990).
We find, however, that the trial court erred in failing to require the husband to pay all the wife's attorney's fees and costs.[1] Attorney's fees should be paid by the party who has a superior financial ability to pay. Canakaris; Kuse v. Kuse, 533 So.2d 828 (Fla. 3d DCA 1988); Henning v. Henning, 507 So.2d 164 (Fla. 3d DCA 1987). Although the wife received an equitable distribution of the marital assets,[2] she has no immediate earning ability; the husband, however, is employed and has the present ability to pay.
For these reasons, we reverse the judgment solely as to attorney's fees and remand with instructions to the trial court to order the husband to pay the wife's attorney's fees and costs in full. In all other respects, the judgment is affirmed.
Affirmed in part; reversed in part; remanded with instructions.
NOTES
[1] We do not disturb the trial court's ruling as to the master's fees and costs.
[2] The wife received the marital home and an adjoining lot.