568 So.2d 461 (1990)
Ardith NISBETH, Appellant,
v.
George Richard NISBETH, Appellee.
No. 90-231.
District Court of Appeal of Florida, Third District.
September 18, 1990.
As Amended on Denial of Rehearing November 7, 1990.
Loren H. Cohen, Miami, for appellant.
Mark E. Pollack, Miami, for appellee.
Before NESBITT, BASKIN and GODERICH, JJ.
PER CURIAM.
The ex-wife appeals the denial of her motion to tax attorney's fees and costs against the ex-husband. We reverse.
Upon the parties' marital dissolution after nine years of marriage, the trial judge equally divided all marital assets and liabilities. The wife was awarded rehabilitative alimony of $600 per month for the first twelve months and $500 per month for the following fifteen months. At the time of the divorce, the record shows that the husband claimed a weekly net income of $608.56; the wife, $50.00. When this appeal was undertaken, the wife had a job earning a yearly net income of $6,800; the husband's annual gross salary was $60,000."
The wife's fifty percent share of the marital assets was set at $72,500. Approximately $66,000 of those funds were in the form of IRA accounts held in the husband's name. The wife claims she has accumulated almost $30,000 in attorney's fees and costs; the husband claims he has spent some $9000. The wife's motion for attorney's fees was denied.
On appeal the wife claims that in order to pay her attorney's fees and costs, she was unfairly required to deplete her fifty percent portion of the assets from the husband's IRA accounts and was thus unable to roll the funds over into her own IRA account and avoid tax penalties. According to the wife, the trial judge erred in failing to consider the fact that the husband's long term earning capacity enables him to pay all the wife's fees without greatly diminishing his share of the assets while the wife can not pay her fees without substantially diminishing her fair share of the assets.
The basis of the court's ability to award attorney's fees to a party in a divorce proceeding is found within section 61.16, Florida Statutes (1989), which states that after considering the financial resources of both parties, the court may order one party to pay a reasonable amount of attorney's fees to the other party. In Canakaris v. Canakaris, 382 So.2d 1197, 1205 (Fla. 1980), the supreme court stated that the purpose of section 61.16 "was to ensure that both parties will have similar ability to secure competent legal counsel." The court went on to state, "It is not necessary that one spouse be completely unable to pay attorney's fees in order for the trial court to require the other spouse to pay these fees." Id.
*462 In applying section 61.16 and Canakaris to an award of attorney's fees in divorce cases, this court has stated that when the award of alimony and the equitable distribution of assets leave the parties with substantially equal resources and when the wife's portion is liquid enough to enable her to pay her own attorney's fees and costs, the wife is not entitled to have those fees paid by the husband. E.g. Garrett v. Garrett, 559 So.2d 613 (Fla. 3d DCA 1990); Seitz v. Seitz, 471 So.2d 612 (Fla. 3d DCA 1985); Arsht v. Arsht, 467 So.2d 421 (Fla. 3d DCA 1985). However, earning capacity is a financial resource which the court can and should consider when determining overall financial circumstances and a party's ability to pay attorney's fees. Martinez-Cid v. Martinez-Cid, 559 So.2d 1177 (Fla. 3d DCA 1990); Kuse v. Kuse, 533 So.2d 828 (Fla. 3d DCA 1988); Blackburn v. Blackburn, 513 So.2d 1360 (Fla. 2d DCA 1987); Poppe v. Poppe, 412 So.2d 38 (Fla. 3d DCA 1982); Hudgens v. Hudgens, 411 So.2d 354 (Fla. 2d DCA 1982). In this case there is a clear difference in the parties' earning capacities which results in a significant disparity in the parties' overall financial circumstances. Thus, even though the assets were equally divided, the parties were not left with substantially equal resources because, as the wife points out, the husband's current salary, as well as his projected salary based on his long term record of income production and earning ability, is substantially superior to the wife's. Martinez-Cid, 559 So.2d at 1177; Kuse, 533 So.2d at 828; Hudgens, 411 So.2d at 354.
Ideally, when the court attempts to equally divide assets, it is preferable to require each party to pay his or her own fees if earnings are substantially equivalent. McIntyre v. McIntyre, 434 So.2d 61 (Fla. 5th DCA 1983). However, where, as here, the record establishes that the parties' past, present and anticipated earnings are not substantially equivalent, it may be inequitable to force the lower earning party to deplete her share of the otherwise equally divided assets to pay attorney's fees. See Kuse, 533 So.2d at 828, Black burn, 513 So.2d at 1360; Poppe, 412 So.2d at 38.
Accordingly, we hold that the trial judge abused his discretion in failing to find that the equities of the instant case require the husband pay a significant part, if not all, of the wife's reasonable attorney's fees and costs. See Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828, 835 (Fla. 1990). We note, however, the great disparity between the high amount of attorney fees the wife claims she must pay ($30,000) versus the lower fees incurred by the husband ($9,000). On remand, the trial judge should carefully measure the number of hours reasonably spent on the litigation and the reasonable hourly rate of pay in determining that portion of the wife's attorney's fees to be paid by the husband. See Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1151 (Fla. 1985); Frechter v. Frechter, 548 So.2d 712 (Fla. 3d DCA 1989).
Reversed and remanded.