ON MOTION FOR REHEARING OR CLARIFICATION
PER CURIAM.
Appellant’s motion for clarification is granted.
The opinion issued October 16, 1990 is withdrawn and the following opinion is substituted in lieu thereof.
Husband appeals the amount of child support awarded. Wife appeals the termination of rehabilitative alimony and the denial of her motion for attorney’s fees. We affirm in part and reverse in part.
The trial judge did not abuse his discretion in increasing the child support to be provided by the husband. The judge determined that since the execution of the marital settlement agreement two and one-half years prior to the final judgment of dissolution, substantial changes had occurred which required modification of the agreement’s child support provisions. The court concluded that the needs of the children had increased significantly and the husband’s financial condition had improved substantially and that the husband has the ability to pay an increased amount of child support. Smith v. Smith, 474 So.2d 1212 (Fla. 2d DCA 1985), review denied, 486 So.2d 597 (Fla.1986).
We do, however, find several expenses, claimed by the wife and upon which the trial judge based his award, necessitate modification of the amount of child support awarded. First, the wife claimed an expense of $500 per month for federal income taxes. Child support payments, however, are not considered income nor are they taxable to the recipient spouse under the Internal Revenue Code. See 26 U.S.C. § 71(c)(1) (1989). Accordingly, the monthly child support award should be reduced by that amount.
Second, in her estimate of expenses the wife included $162.68 she paid to the State of Florida for the children’s future college tuition. Under the parties’ settlement agreement, each parent agreed to pay “one-half of the expenses related to the college education for each child, based upon the then-prevailing expenses at a state university in Florida.” The trial court incorporated this paragraph into the final dissolution decree. The $162.68 expense entry considered by the court was inflated by the $81.34 one-half share of the cost of prepaid tuition the wife had voluntarily assumed as her own obligation. Correspondingly, we conclude that the support payment ordered to be paid by the husband should be reduced by $81.34 so as to correctly reflect only that portion of the voluntary obligation assumed by the father. This modification takes into account the wife’s salary in excess of $23,000 a year and thus her ability to contribute to this expense.
Third, the final judgment provides prospectively that the wife should pay for the children’s therapy sessions with Dr. Crown. Notwithstanding that provision, the trial judge awarded the full amount of the child support sought by the wife, this amount expressly including $600 for Dr. Crown. Accordingly, the amount ordered to be paid by the husband should be further reduced by $600 monthly. We note that as to payments due Dr. Crown for the children’s therapy sessions held prior to the October 10, 1989 final judgment, the terms of the settlement agreement control the obligations of the parties.
Finally, while the marital settlement provided that the husband pay a specific amount for the wife’s attorney’s fees and the wife be responsible for additional fees, the settlement also informed each *929 party of the court’s power to modify the terms of the agreement, particularly with reference to matters of child support and alimony. It was the husband who moved for termination of rehabilitative alimony and modification of child support. See Mulhern v. Mulhern, 446 So.2d 1124 (Fla. 4th DCA) (provision of settlement agreement should be considered in conjunction with usual criteria relative to financial circumstances of the parties), review denied, 455 So.2d 1033 (Fla.1984); see also Hughes v. Hughes, 553 So.2d 197 (Fla. 2d DCA 1989) (marital settlement agreement provision wherein parties agreed to pay own attorney’s fees not intended to reach proceedings to modify child support). A party’s obligation of support during coverture includes liability, determined by need and ability to pay, for prejudgment attorney’s fees and cannot be contracted away. Fechtel v. Fechtel, 556 So.2d 520 (Fla. 5th DCA 1990). Thus, considering the nature of the fees incurred and the husband’s superior assets and earning capacity, it is clear that he should have been required to pay the wife’s attorney’s fees. See Nisbeth v. Nisbeth, 568 So.2d 461 (Fla. 3d DCA 1990); Martinez-Cid v. Martinez-Cid, 559 So.2d 1177 (Fla. 3d DCA 1990); Kuse v. Kuse, 533 So.2d 828 (Fla. 3d DCA 1988). Therefore, we reverse the trial court’s denial of the wife’s motion for attorney’s fees.
Accordingly, upon remand, the trial court should reduce the monthly child support ordered by $1,181.34 and determine reasonable attorney’s fees to be awarded the wife. See Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828, 835 (Fla.1990); Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985); Frechter v. Frechter, 548 So.2d 712 (Fla. 3d DCA 1989).
Affirmed in part, reversed in part, and remanded.