# IN RE: MARRIAGE OF VIDRI

## Case No. 87-36708 FC (25)

Eleventh Judicial Circuit, Dade County

March 11, 1991

### APPEARANCES OF COUNSEL

**Ray H. Pearson, Esquire,** Floyd Pearson Richman Greer Weil Brumbaugh & Russomanno, for wife.

**Mark Silverio, Esquire,** and **Philip Newcomm, Esquire,** for husband.

### OPINION OF THE COURT

PHILIP BLOOM, Circuit Judge.

#### *ORDER AWARDING ATTORNEY'S FEES*

THIS CAUSE duly came before this Court on the Motion for reasonable attorney's fees made in behalf of the Wife and her attorneys for services performed with respect to trial court proceedings in the dissolution of marriage.

After reviewing the evidence and the applicable law with respect to

this matter, it is clear that there are serious legal, practical and policy matters to which the Court should direct its attention in fulfilling the direction of the Legislature as contained in Section 61.16, Florida Statutes. Additionally, the observations of our Supreme Court on this subject are important.[1]

## Background

Wife's attorneys, Ray Pearson and Bruce Christensen of the firm of Floyd Pearson Richman Greer Weil Brumbaugh & Russomanno, represented Wife during the entire proceedings in the trial court and with respect to post-trial matters. In these proceedings, dissolution was sought of a 30-year marriage, and equitable distribution of variously $20,000,000, $6,000,000 or $3,000,000 of Husband's assets. The proceedings were very adversarial insofar as the respective parties were concerned, and vigorously contested. Wife seeks attorney's fees of $250,000. Those fees sought are not only on the basis of time and hours spent by Wife's attorneys, but also on the results accomplished, the difficulties encountered, the volume of documents involved, the nature of the parties and their assets, the unique facts, and the extensive time frame of approximately five (5) years to reach a conclusion in this cause.

## The Fee Determination System

Our system for determination of reasonable attorney's fees leaves much to be desired. There are numerous, sometimes conflicting criteria influencing the assessment of reasonable attorney's fees. Section 61.16 F.S. authorizes "a reasonable amount for attorney's fees."[2]

---

[1] *Florida Patient's Compensation Fund v Rowe*, 472 So.2d 1145, 1149-1150 (Fla. 1985):

"Lawyers are officers of the court. The court is an instrument of society for the administration of justice. Justice should be administered economically, efficiently, and expeditiously.

The attorney's fee is, therefore, a very important factor in the administration of justice, and if it is not determined with proper relation to that fact it results in a species of social malpractice that undermines the confidence of the public in the bench and bar. It does more than that. It brings the court into disrepute and destroys its power to perform adequately the function of its creation."

[2] *Katz v Katz* 505 So.2d 25 (4DCA 1987) expresses concern of another court:

"One subject compels our observation; namely, our concern for the size of attorney's fees and accounting fees in relation to the total assets of parties engaged in contested dissolution proceedings.

\* \* \*

. . . It is the responsibility of the marital bar and the bench at trial and appellate levels to be mindful of unnecessary expense in the litigation of contested dissolution matters, as any other."

Under the system, the party requesting the fee must present evidence of the amount of attorney's fees reasonably necessary for the legal work required, and the opposing party may present other evidence as to a reasonable amount.

The determination of reasonable legal fees traditionally has involved the expert testimony of others versed in the same field of practice. The evidence in this case does not show the usually dramatic disparity in amounts between those seeking and those paying attorneys' fees.

Wife's attorney(s) Pearson claims fees of $250,000 based upon the hourly rates and the time spent by all who worked on the case, of approximately $175,000 *and* upon the additional factors set forth in Rule 4-1.5 Rules of Professional Conduct Governing the Florida Bar. This Rule places a premium on difficulty of matter, results obtained, nature of clients and assets, and indeed requires a full evaluation of the services rendered in the context of every aspect of the case. On the other hand, Husband's attorney(s) suggests that a reasonable fee is determined by hours multiplied by time, of approximately $175,000 to $180,000.

## Work Performed

The Court is very knowledgeable of this case as the trial judge who not only tried the case, but who recalls it consumed a tremendous amount of this Judge's time during and after normal working hours and on weekends. This was one of the most hotly contested difficult matrimonial cases, insofar as finances are concerned, encountered by the Court in its four (4) years as a civil trial judge.[3] Obviously, the ultimate issue involved was money. This Court had to wade through a deluge of documents, statements, bank accounts, personal and business financial data, various businesses, and had to reconcile their conflicts with reason, common sense and the law. Additionally, the Court observes that other comparable attorneys (if there be any) have hourly rates higher than those billed to Wife; and that Wife's attorneys proceeded expeditiously within the context of this case.

## The Evidence on Fees

According to the testimony and other evidence, among other things, the documents, pleadings, motions and other materials, consist of some 22 accordion files, each approximately 8 to 10 inches in width, which if

---

[3] The Court commends all of the attorneys for their professionalism and candor in their representations of their respective clients and in their presentations to the Court.

106

the file jackets were laid on a floor, would take up half a room, or over 16 feet in width if placed side by side.

Husband had three different sets of lawyers, each of whom was knowledgeable and well versed in family law. Wife's attorneys used the "team" approach of lead partner Pearson at $250 an hour and workhorse partner Christensen at $200 an hour (each of whom during these 5 years of proceedings raised their rates to $300 and $250 respectively although Wife was not billed at the new rates). Other lawyers and paralegals filled in as required at lesser rates, with one lead paralegal.

According to Wife's attorney(s), this was one of the most complex matrimonial cases that their office ever handled. The number and type of documents was extraordinary; there were 23 bank accounts; complex financial data; intracorporate transfers; assets in a foreign country; numerous businesses extending from Dade County to Salvador; and the systematic depletion or conversion of personal assets and liabilities into corporate assets and liabilities. And there were proceedings tangential to this case which were initiated by Husband's lawyers, but which were a minimal aspect of this matter.

Wife's expert on fees was attorney Jason Berkman who testified that this was the most complex case which has ever come to his attention. Some 90% of Berkman's time is spent in family law, and Berkman said a single practitioner could not handle this matter—a team approach was necessary. The difficult marshalling of assets with foreign country ramifications, the numerous bank accounts, and his ten (10) hour review of the files, all led Berkman to the conclusion that this was a most unusual case to handle. It was Berkman's opinion that a reasonable fee for Wife's attorney is $250,000.

Husband's initial contention is that Wife should receive no attorneys' fees since the division of assets was favorable to her, and therefore she needed no assistance. Husband's fall back position is that the fee should be determined by pure arithmetic, i.e. hourly rates multiplied by time spent. Husband's expert was lacking in major family law work. However, he testified that a reasonable fee (if any were to be awarded) was between $175,000 and $180,000, based on the hourly rate-time charges.

Husband, prior to these proceedings, swore to have close to $20 million in assets, $14 million of which were in Salvador. The evidence also showed that the Wife paid an initial retainer of $3,000, and thereafter sold her jewelry and some gold bars to pay a reasonable retainer for her representation. She has no other disposable assets.

It is overwhelmingly clear from the evidence that the Husband has the means and the ability to pay Wife's attorneys' fees in this cause; that he is gainfully employed; and that he can control the amount of his assets and income. It is equally abundantly clear that Wife, physically and mentally cannot work and does not have the ability to generate any monies.

## The Applicable Law

The Court will use as its guide in awarding a reasonable attorneys' fee, Section 61.16, Florida Statutes, in conjunction with Rule 4-1.5 of the Rules of Professional Conduct of The Florida Bar.

Section 61.16, Florida Statutes, reads as follows:

The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

Rule 4-1.5 of the Rules of Professional Conduct of The Florida Bar are as follows:

(a) A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee.

(b) A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee exceeds a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) The fee customarily charged in the locality for similar legal services;

(4) The amount involved and the results obtained;

(5) The time limitations imposed by the client or by the circumstances;

108

(6) The nature and length of the professional relationship with the client;

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) Whether the fee is fixed or contingent.

Under the Rules of Professional Conduct, the eight factors apply in varying degrees, to help determine the amount of legal fees. Traditionally, this is the usual method utilized for determining reasonable fees. According to Rule 4-1.5(C):

(C) In determining a reasonable fee, the time devoted to the representation and customary rate of fee needs not be the sole or controlling factors. All factors set forth in this rule should be considered, and may be applied, in justification of a fee higher or lower than that which would result from application of only the time and rate factors."

The Husband's attorney has challenged the propriety of awarding *any* attorney's fee for Wife because he contends the Court's award to Wife of equitable distribution and alimony is sufficient to permit Wife to pay her own attorneys. In a letter agreement dated February 21, 1986, Wife and her attorneys agreed to hourly time-rate charges. It is clear that the trial court is not limited in awarding an attorney's fee in excess of the billing arrangement agreed to between Wife and her counsel *Douglass v Rigg,* 525 So.2d 494, 495 (4DCA 1988). The cases cited by Husband are inapposite. A Court award is only "paper" and Wife has thus far "received" nothing. Even if the fees were to be paid by Wife, that would still not equalize the parties financially during these proceedings and thereafter. Therefore, it is this Court's view that the Wife's attorneys are entitled to be paid a reasonable fee under Section 61.16, F.S., in conjunction with Rule 4-1.5. See *Portuando v Portuando,* 15 FLWD 2296 September 21, 1990; *Nisbeth v Nisbeth,* 568 So.2d 461 (3DCA 1990); and *Martinez-Cid v Martinez-Cid,* 559 So.2d 1117 (3DCA 1990). The *Martinez-Cid* case is particularly instructive in this regard:

"We find, however, that the trial court erred in failing to require the husband to pay all the Wife's attorney's fees and costs. Attorney's fees should be paid by the party who has a superior financial ability to pay. *Canakaris; Kuse v Kuse,* 533 So.2d 828 (Fla. 3d DCA 1988); *Henning v Henning,* 507 So.2d 164 (Fla. 3d DCA 1987). Although the Wife received an equitable distribution of the marital assets, she has no immediate earning ability; the husband, however, is employed and has the present ability to pay." at p. 1178 of 559 So.2d

Based on the hearings and evidence before it, this Court finds as follows:

1. The hourly rate(s) and the number of hours spent on this cause by Wife's attorneys are very reasonable and necessary and represent the time and lesser rates that should have been devoted to this cause.

2. A reasonable attorney's fee in this cause for all of the trial court proceedings should take into consideration Rule 4-1.5 Rules of Professional Conduct of The Florida Bar.

3. A reasonable attorney(s)' fee in this cause for the trial court proceedings relating thereto is $250,000.

4. The former Husband has the ability to pay, and is well able to pay such fees. The former Wife is unable to pay such fees and did not have, and does not have the ability in the future to pay them. Accordingly, it is hereby

ORDERED AND ADJUDGED that Floyd Pearson Richman Greer Weil Brumbaugh & Russomanno do have and recover judgment against Ramon Vidri in the sum of $250,000 as attorney's fees together with legal interest at 12%, for all of which let execution issue.

The Court specifically reserves jurisdiction to consider and award costs, and other fees as may be outstanding.

DONE AND ORDERED in Chambers at the Dade County Courthouse, Miami, Dade County, Florida, this 11th day of March, 1991.