587 So.2d 473 (1991)
Judith L. WERNER, Appellant,
v.
Michael B. WERNER, Appellee.
No. 90-10.
District Court of Appeal of Florida, Third District.
May 28, 1991.
Rehearing Denied November 11, 1991.
Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, and Joel Perwin and Barry Meadow, Miami, for appellant.
Bluestein & Wayne, Cooper, Wolfe & Bolotin, and Marc Cooper and Joan Bolotin, Miami, for appellee.
Before HUBBART, BASKIN and COPE, JJ.
BASKIN, Judge.
Judith Werner appeals a final judgment of dissolution of marriage and amended final judgment;[1] Michael Werner cross-appeals. We affirm in part and reverse in part.
Mr. Werner instituted proceedings to dissolve the parties' twenty-year marriage. The Werners actively contested the value of the marital assets, an issue the trial court resolved by valuing the assets at more than six million dollars. Because the assets' disparate rates of return prevented the court from formulating an exactly equal division, the court awarded Mrs. Werner lump sum alimony. In an amended final judgment, however, the court awarded the wife additional permanent periodic alimony designed to "fully effectuate the equitable distribution... ." The trial court also ordered the husband to pay child support for the parties' three minor children.
*474 The parties disputed the court's valuation of their income-generating notes and mortgages. To reflect their present worth, the trial court reduced the values of the notes and mortgages at different rates, because the margins of risk varied, the notes might never be collected, and they could not be sold at face value. In addition, the trial court further reduced the values of the notes and mortgages to allow a credit for existing income tax liabilities pertaining to the notes and mortgages.
The wife contends that the trial court erred in reducing the value of the marital assets by the amount of the husband's tax liability and that the court erred in requiring her to pay her attorney's fees. In his cross-appeal, the husband argues that the trial court erred in awarding the wife permanent periodic alimony. We address these issues in turn.
First, we review the trial court's reduction of the value of the mortgages and notes to reflect existing tax liability. In our view, the trial court did not abuse its discretion in considering the tax consequences of the assets. Cameron v. Cameron, 570 So.2d 1087 (Fla. 1st DCA 1990). When the court allocates an asset that is accompanied by tax liability, the court should consider the resulting tax liability. Gentile v. Gentile, 565 So.2d 820 (Fla. 4th DCA 1990); Calamore v. Calamore, 555 So.2d 1302 (Fla. 4th DCA 1990). Expert testimony demonstrated that the notes and mortgages awarded to the husband as part of the equitable distribution of property carried tax liabilities and supported the trial court's determination of the values. We therefore affirm that portion of the final judgment.
Next, we consider the wife's contention that the trial court erred in ordering the parties to pay their own attorney's fees and costs. We agree with her assertion. "It is not necessary that one spouse be completely unable to pay attorney's fees in order for the trial court to require the other spouse to pay these fees." Canakaris v. Canakaris, 382 So.2d 1197, 1205 (Fla. 1980). Because the husband's financial ability is superior to the wife's financial ability, the court should have ordered him to pay her fees. Martinez-Cid v. Martinez-Cid, 559 So.2d 1177 (Fla. 3d DCA 1990); Kuse v. Kuse, 533 So.2d 828 (Fla. 3d DCA 1988); Pappas v. Pappas, 489 So.2d 1242 (Fla. 3d DCA 1986); Kane v. Kane, 469 So.2d 933 (Fla. 3d DCA 1985); Angelides v. Angelides, 466 So.2d 1198 (Fla. 3d DCA 1985). We therefore reverse that portion of the amended final judgment.
As for the husband's cross-appeal challenging the alimony award, we conclude that the trial court's intention in awarding permanent periodic alimony was to equalize the wife's position after distribution of the marital assets. In that case, the award should have been made a part of the lump sum alimony award. Canakaris, 382 So.2d at 1201. We therefore reverse that portion of the amended judgment and remand for further proceedings consistent with this opinion.
Affirmed in part; reversed in part and remanded.
NOTES
[1] The trial court entered a "Final Judgment of Dissolution of Marriage and Qualified Domestic Relations Order," and later entered an "Order Granting in Part, Former Husband's Motion to Correct Scrivener's Errors, Clarifying and Amending Final Judgment of Dissolution of Marriage and Qualified Domestic Relations Order," and an "Order on Respondent/Wife's Petition/Motion for Rehearing and Amendment to Final Judgment of Dissolution of Marriage."