PER CURIAM.
This is an appeal and cross appeal from a final judgment of marriage dissolution. The wife Maria Amelia Kussrath contends on the main appeal that the trial court abused its discretion in approving the general master’s (1) equitable distribution of marital assets, and (2) child support award. The husband Stephen A. Kussrath contends on the cross appeal that the trial court erred in approving the general master’s (1) rehabilitative alimony award for the wife, and (2) reservation of jurisdiction to award reasonable attorney’s fees to the wife. We affirm.
First, there is no abuse of discretion shown as to the distribution of marital assets. There is substantial competent evidence in the record to support the conclusion that the wife received in excess of 40% of the marital assets if the household furnishings are factored in. Given the fact that the husband’s largest asset is his pension fund which he cannot utilize for twenty years and the considerable monies paid by the husband since the parties’ separation on various marital debts, we cannot say that the trial court abused its discretion in the equitable distribution of marital assets. See Marcoux v. Marcoux, 464 So.2d 542 (Fla.1985); Walter v. Walter, 464 So.2d 538 (Fla.1985); Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
Second, there is no abuse of discretion in the child support award. Assuming without deciding that the 1991 amendment to the child support guidelines was applicable to this case, the total child support award of $1,058 a month is somewhat less than the guidelines presumptively call for, namely, $1,198.60. § 61.30, Fla.Stat. (1991). The trial court did not abuse its discretion, however, in adjusting this amount downward in view of the limited amount of monthly disposable income which the husband has after paying monthly marital debts and alimony obligations. § 61.30(10)(c), (i), Fla.Stat. (1991).
Third, we see no abuse of discretion in the rehabilitative alimony award which gives the wife the opportunity to go to school to become a math teacher as she has long wanted to do or to otherwise improve her earning capacity; moreover, the husband, contrary to his contention, has the financial ability to pay for this award. Finally, we see no abuse of discretion in the reservation of jurisdiction to award a reasonable attorney’s fee to the wife. See Martinez-Cid v. Martinez-Cid, 559 So.2d *865 1177 (Fla. 3d DCA 1990); Frye v. Frye, 385 So.2d 1383, 1388-89 (Fla. 2d DCA 1980).
Affirmed.