642 So.2d 107 (1994)
Irene GOMEZ, Appellant,
v.
Pedro P. GOMEZ, Appellee.
No. 92-2153.
District Court of Appeal of Florida, Third District.
September 7, 1994.
Carlos A. Lopez, Jr., P.A. and Virginia M. Best, for appellant.
Pedro Gomez, in pro. per.
Before BASKIN, JORGENSON and GREEN, JJ.
PER CURIAM.
The former wife appeals from an order approving and ratifying a general master's report determining attorneys' fees and costs. For the reasons which follow, we must reverse.
Appellant filed a Petition for Dissolution of Marriage wherein she sought, among other things, attorneys' fees and costs for the proceedings involved. Both parties submitted financial affidavits and the case proceeded to Final Hearing before a general master on April 21, 1992.
On May 11, 1992, the Report of the general master was entered wherein it was found, inter alia, that appellee's net income was $2,293.00 monthly and appellant's net income should be imputed to be $1,047.00 as she was currently unemployed. The report also reserved ruling on the issue of attorneys' fees and costs to a later date and provided that pursuant to stipulation of counsel, both parties would be allowed to submit affidavits of such fees and costs in lieu of live expert testimony.
On June 19, 1992, both parties and counsel appeared before the general master with a proposed Amended Report on issues not germane to the instant appeal. At that time, the general master executed the Amended Report and then proceeded to hear testimony on the issues of attorneys' fees and costs for appellant. Appellant submitted an affidavit of counsel which indicated that she was seeking $5,250.00 as attorneys' fees and $495.00 as costs. Appellee, on the other hand, presented the testimony of a live witness who opined that a reasonable fee in this case would be between $2,250 to $3,000. Upon appellant's objection to this live testimony, the general master agreed to afford appellant an opportunity to present live testimony at a subsequent hearing to be set.
Prior to the rescheduling of the continuation of the hearing, however, appellee submitted a proposed report of the June 19th hearing to the general master which was approved and adopted both by the general master and later by the trial court below.
The report concluded that because appellee earned sixty eight percent (68%) of the parties' total income, he should be made to pay only sixty eight (68%) of the fees and costs of both parties. The appellant, therefore was charged with thirty two percent (32%) of the fees and costs. The report further determined appellant's reasonable fees to be twenty five hundred dollars ($2,500) notwithstanding the fact that the hearing had not been completed.
We must reverse and remand for a completed hearing on the issue of attorneys' fees *108 and costs because it is well established in dissolution cases that attorneys' fees and costs are to be borne by the party who has the superior or greater financial ability to pay. Werner v. Werner, 587 So.2d 473 (Fla. 3d DCA 1991); Martinez-Cid v. Martinez-Cid, 559 So.2d 1177, 1178 (Fla. 3d DCA 1990); Kuse v. Kuse, 533 So.2d 828, 829 (Fla. 3d DCA 1988). Even assuming, without deciding, that the income imputed to appellant was correct, it is clear that appellee still has the superior financial ability to pay and it was error for the court not to require him to pay all of appellant's reasonable attorneys' fees and costs. Heller v. Kuvin, 490 So.2d 245 (Fla. 3d DCA 1986).
Further, we find that it was fundamentally unfair for the general master to make a final determination as to the amount of appellant's reasonable attorneys' fees and costs while the hearing on the same was still pending.
Accordingly, we reverse and remand for a completed hearing on the reasonable amount of attorneys' fees and costs which are to be borne by appellee.