654 So.2d 1181 (1995)
Tsampica Demos SKIPPER, Appellant,
v.
David SKIPPER, Appellee.
No. 94-2268.
District Court of Appeal of Florida, Third District.
March 22, 1995.
Rehearing Denied June 14, 1995.
*1182 Steven N. Abramowitz, Miami, for appellant.
Akerman, Senterfitt & Eidson and David R. Carlisle, Miami, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and GREEN, JJ.
GREEN, Judge.
The former wife filed a petition for an upward modification of child support. The issue presented to us on this appeal is whether the court below abused its discretion in failing to include as gross income regular overtime income earned voluntarily by the former husband in calculating the amount of his child support obligation. We respond in the affirmative and reverse the order under review for reasons which follow.
The parties were formerly married to each other and have one minor child. The former husband is a telephone line repairman for Southern Bell. The former wife was unemployed at the time of the filing of the petition for modification after having been involuntarily terminated from Florida Power and Light due to budgetary cuts in the number of computer technician personnel. At the time of these proceedings, the former wife was receiving unemployment compensation income in the sum of $774 per month.
The former wife sought an increase in child support payments with the filing of a petition for modification on February 22, 1994. This petition was predicated upon the former wife's decreased income and the former husband's increased income as a result of his substantial overtime earnings. At the time of the filing of the petition, the former husband was paying child support in the amount of $325 per month. This was as a result of the 1991 child support litigation between these parties when the former husband's then base pay was $325 weekly or $15,600 annually. The former husband's current base pay, excluding overtime, is approximately $700 weekly or $36,400 annually.
The record evidence clearly established that prior to the filing of the petition for upward modification of child support, the former husband regularly or consistently worked overtime both voluntarily and involuntarily. Indeed, the former husband candidly admitted that he normally worked overtime to assist with the payment of his bills. As a result of overtime, he more than doubled his annual base income. For example, for the years 1992-1994 the former husband's annual income, including overtime was:

 1992  $82,000
 1993  $90,000
 1994  $75,000[1]
In addition, the former husband receives an annual bonus in an amount between $1,000  $2,000.
The former husband maintained below, as well as on appeal, that all of his overtime was mandatory during the aftermath of Hurricane Andrew. While it is certainly undisputed that the former husband had substantial mandatory overtime as a result of the hurricane disaster, it is equally clear from the evidence that the husband consistently worked overtime on a volunteer basis both prior to the hurricane and after the post-hurricane repairs were completed by Southern Bell. In fact, the general master found *1183 that the cessation of the former husband's voluntary overtime seemed to coincide with the modification litigation below.
At the conclusion of the hearing on the petition for an upward modification of child support, the general master found that the former wife had demonstrated a change in circumstances to justify a need for additional child support and issued a recommendation, later ratified by an order of the trial court, that the former wife receive increased child support in the sum of $500 per month. In arriving at this amount, the general master considered only the former husband's base pay and expressly declined to factor in any of his voluntary overtime earnings. This was due in part, apparently, to the general master's personal disdain for including voluntary overtime into gross income as well as the general master's perceived mathematical difficulty of computing such income. In fact, the general master made it clear to the parties that she only included overtime into the calculation of child support when such overtime was mandatory. The former wife claims on appeal that the trial court's failure to include voluntary overtime earnings as part of the former husband's gross income was an abuse of discretion. We agree.
In section 61.30, the legislature expressly defined gross income for purposes of the child support guidelines to include not only salary and wages but also "bonuses, commissions, allowances, overtime, tips and other similar payments." § 61.30(2)(a)2, Fla. Stat. (1993). The plain and otherwise unambiguous language of this statute reveals that overtime is not limited to that which is mandatory. If the legislature had intended such a limitation, it would have so stated. Aetna Casualty & Sur. Co. v. Huntington Nat'l Bank, 609 So.2d 1315, 1317 (Fla. 1992) ("It must be assumed that the legislature knows the meaning of the words and has expressed its intent by the use of the words found in the statute."). Where, as here, the statutory provision is clear and not unreasonable or illogical in its operation, the court may not go outside the statute to give it a different meaning. Taylor Woodrow Constr. Corp. v. Burke Co., 606 So.2d 1154 (Fla. 1992).
In construing this statute, we agree with our sister court in the Fourth District that regular overtime earnings should be included in the determination of gross income unless the trial court specifically finds that such earnings will not be available as a source of income in the future. Butler v. Brewster, 629 So.2d 1092 (Fla. 4th DCA 1994). Based upon the record evidence below, we agree with the former husband that the trial court could not properly consider income earned as a result of mandatory overtime due to Hurricane Andrew as it was indeed temporary or "short-lived" in nature. However, we do hold that the trial court erred in not including as gross income regular voluntary overtime income earned by the former husband in the absence of a finding that such income would not continue to be available to the former husband by his employer in the future. Indeed, the trial court obviously concluded (and we think correctly so) that voluntary overtime would continue to be made available to the former husband in the future because the court awarded attorney's fees to the former wife for the proceedings below based upon the former husband's base and overtime income.
Thus, we remand this matter to the trial court for a determination of all voluntary or nonmandatory overtime and bonus income earned by the former husband in the year preceding the modification hearing below and for the inclusion of this amount into the former husband's gross income for purposes of the child support guidelines. Certainly, if in the future, the former husband can demonstrate that there has been a significant change in circumstances (i.e. overtime is no longer available to him by his employer and/or he has steadfastly declined overtime hours for a significant period of time), there is nothing in this opinion to preclude the former husband from petitioning the court for a modification of his child support obligations.
Reversed and remanded with instructions.
NOTES
[1] The 1994 figure is only an approximation based upon the former husband's year to date earnings from January 1994 through April 1994.