656 So.2d 206 (1995)
Guillermo SOL, Appellant/Cross-Appellee,
v.
Beverly W. SOL, Appellee/Cross-Appellant.
Nos. 94-119, 93-2311.
District Court of Appeal of Florida, Third District.
May 24, 1995.
As Amended on Denial of Rehearing July 12, 1995.
*207 Abrams, Abrams & Etter, and Ira Abrams and Jeannie Etter, Miami, for appellant/cross-appellee.
Deborah Marks and Evan R. Marks, North Miami, for appellee/cross-appellant.
Before SCHWARTZ, C.J., and NESBITT and COPE, JJ.
COPE, Judge.
Guillermo Sol appeals a final judgment modifying child support. We affirm in part and reverse in part.
On motion by the appellee former wife Beverly W. Sol, the trial court granted an upward modification in child support. The trial court found that both parties' incomes from employment had increased substantially. The appellant former husband does not quarrel with those findings.
In addition, however, the trial court made a finding that in the three years preceding the hearing on the petition for modification, the former husband had received substantial gifts from his parents. The trial court concluded such gifts were "income" to the former husband and added the figure of $20,000 per year ($1,666.66 per month) as anticipated income from family gifts. The gift income was then added to the net monthly income from employment to arrive at the former husband's total net monthly income for purposes of the child support guidelines found in section 61.30, Florida Statutes (1993). The former husband has appealed the inclusion of gift income for purposes of calculating his future child support amount. The former husband's point is well taken.
In this case the former husband received cash gifts from his parents from time to time. As a general rule, "[g]ifts which have not yet been received are purely speculative in nature, mere expectancies, and as such are not properly included in the calculation of income for purposes of determining the need for, or the ability to provide, support." Shiveley v. Shiveley, 635 So.2d 1021, 1022 (Fla. 1st DCA 1994) (citation omitted) (child support); cf. Bedell v. Bedell, 583 So.2d 1005, 1008 (Fla. 1991) ("For the purpose *208 of demonstrating need in dissolution or modification proceedings, the fact that one of the parties is surviving through the largess of her family is legally irrelevant."); Bob v. Bob, 310 So.2d 328, 330 (Fla. 3d DCA 1975) (gifts received during marriage disregarded for purposes of establishing standard of living to be met through alimony award).[1] In the present case the evidence showed large sporadic cash gifts to the former husband by the parents, which varied in frequency and amount over the preceding several years. Under the authority just cited, we conclude that the imputation of future gift income for purposes of setting the new child support level under the child support guidelines was impermissible. We therefore reverse the order under review and remand with directions to recalculate the child support amount.
As to the former husband's second point on appeal, there was no abuse of discretion by the trial court in ordering the revised child support amount to be effective as of the date of filing the petition for modification. Further, the trial court's award of an additional sum for child care is supported by substantial competent evidence.
The former husband also contends that the attorney's fee judgment must be reversed and remanded for recalculation. This point is also well taken.
The trial court ordered the former husband to pay 65 percent of the former wife's attorney's fee. In reaching that determination, the trial court used as a beginning point the parties' net income figures as calculated for child support purposes.[2] The trial court included the imputed gift income amount as one element of the former husband's income. Since the effect is to overstate the former husband's income, the attorney's fee calculation should be revisited on remand. The former husband does not challenge the former wife's entitlement, but requests recalculation of the amount.
The former wife has cross-appealed, asserting that despite only a moderate difference in income, the former husband should be required to pay all of her attorney's fees.[3] She relies on Gomez v. Gomez, 642 So.2d 107 (Fla. 3d DCA 1994), which states that "it is well established in dissolution cases that attorneys' fees and costs are to be borne by the party who has the superior or greater financial ability to pay." Id. at 108 (citations omitted). The former wife reads "superior or greater financial ability to pay" to mean that if one spouse has a higher income, even if the income is only slightly higher than the other, the "higher income" spouse must invariably pay the entirety of the "lower income" spouse's attorney's fee. In essence the former wife reads Gomez as outlawing percentage awards of attorney's fees. We disagree with the former wife's interpretation. Gomez cannot be read in isolation, but must be read in the context of the other cases treating the issue.
In Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), the court said:
[T]he purpose of section 61.16, Florida Statutes, was to ensure that both parties will have similar ability to secure competent legal counsel. Without question, the financial positions of the parties in this proceeding are not the same. The husband has a superior financial ability to secure and pay counsel. It is not necessary that one spouse be completely unable to pay attorney's fees in order for the trial *209 court to require the other spouse to pay these fees. Given the complexity of the cause and the time necessary to appropriately resolve the issues, the award of attorney's fees in this case was proper to avoid an inequitable diminution of the fiscal sums granted the wife in these proceedings.
382 So.2d at 1205 (emphasis added). In Canakaris there was a very substantial disparity between the husband's income of $147,000 per year and the wife's income of $1,000 per year, and an equally lopsided disparity in net worth. Id. at 1199. In that case it was appropriate to require the former husband to pay all of the former wife's attorney's fees in order to avoid an unfair invasion of the other awards the former wife was granted in the dissolution proceedings.
In Nisbeth v. Nisbeth, 568 So.2d 461 (Fla. 3d DCA 1990), this court explained:
In applying section 61.16 and Canakaris to an award of attorney's fees in divorce cases, this court has stated that when the award of alimony and the equitable distribution of assets leave the parties with substantially equal resources and when the wife's portion is liquid enough to enable her to pay her own attorney's fees and costs, the wife is not entitled to have those fees paid by the husband. However, earning capacity is a financial resource which the court can and should consider when determining overall financial circumstances and a party's ability to pay attorney's fees. In this case there is a clear difference in the parties' earning capacities which results in a significant disparity in the parties' overall financial circumstances. Thus, even though the assets were equally divided, the parties were not left with substantially equal resources because, as the wife points out, the husband's current salary, as well as his projected salary based on his long term record of income production and earning ability, is substantially superior to the wife's.
Ideally, when the court attempts to equally divide assets, it is preferable to require each party to pay his or her own fees if earnings are substantially equivalent. However, where, as here, the record establishes that the parties' past, present and anticipated earnings are not substantially equivalent, it may be inequitable to force the lower earning party to deplete her share of the otherwise equally divided assets to pay attorney's fees.
Accordingly, we hold that the trial judge abused his discretion in failing to find that the equities of the instant case require the husband pay a significant part, if not all, of the wife's reasonable attorney's fees and costs.
568 So.2d at 462 (citations omitted).
In Nisbeth the former husband had a weekly net income of $609, while the wife had a weekly net income of $50. After considering the net incomes and the assets of the parties, this court ruled that the former husband should pay a significant part, if not all, of the wife's attorney's fees. Id. By its express terms, Nisbeth authorized a percentage award in an appropriate case.
In a number of other cases, this court has required the payor spouse to pay the entirety of the payee spouse's attorney's fees. These cases have typically involved a large disparity in income between the payor and payee spouse. See Leonard v. Leonard, 613 So.2d 1339 (Fla. 3d DCA 1993); Lozano-Ciccia v. Lozano, 599 So.2d 718 (Fla. 3d DCA 1992); LaHuis v. LaHuis, 590 So.2d 557 (Fla. 3d DCA 1991); Garcia v. Garcia, 570 So.2d 357 (Fla. 3d DCA 1990); Zakarin v. Zakarin, 565 So.2d 790 (Fla. 3d DCA 1990); Kuse v. Kuse, 533 So.2d 828 (Fla. 3d DCA 1988); Heller v. Kuvin, 490 So.2d 245 (Fla. 3d DCA 1986). Indeed, in a number of cases the payee spouse had no earning ability at all, or was currently unemployed, or was engaged in a rehabilitative program. See Werner v. Werner, 587 So.2d 473 (Fla. 3d DCA 1991), review denied, 599 So.2d 661 (Fla. 1992); Barbieri v. Barbieri, 582 So.2d 640 (Fla. 3d DCA 1991); Portuondo v. Portuondo, 570 So.2d 1338 (Fla. 3d DCA 1990), review denied, 581 So.2d 166 (Fla. 1991); Martinez-Cid v. Martinez-Cid, 559 So.2d 1177 (Fla. 3d DCA 1990).[4] The decision in *210 Gomez fits into this general pattern, because the former husband there was gainfully employed and was found to have the present ability to pay, while the former wife not only had lower earning power, but was actually unemployed. The Gomez court held that under the circumstances, the former husband had the superior financial ability to pay. 642 So.2d at 108. We therefore reject the former wife's cross-appeal. The trial court has the discretion under Canakaris to enter a percentage attorney's fee award. We do, however, remand for reconsideration of the amount after deletion of the imputed gift income.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
NESBITT, J., concurs.
SCHWARTZ, Chief Judge (dissenting in part).
The record fully sustains the trial judge's conclusions that the father had received and had an eminently reasonable likelihood of continuing to receive substantial gifts from his family which were and would be used in the maintenance of his own elevated lifestyle with his new spouse. I believe that these amounts were properly considered in computing the father's income for child support guidelines purposes under section 61.30, Florida Statutes (1993).
Our Supreme Court has repeatedly emphasized the necessity of permitting children to share in their respective parents' increased prosperity. E.g., Miller v. Schou, 616 So.2d 436 (Fla. 1993). There is no reason in law or logic for precluding consideration of a particular source of that prosperity.
1. The fact that Sol's family is not contractually obliged to continue its gift giving is surely not determinative. Many, if not all, of the "standard" forms of income indicated in section 61.30(2)(a)  including continuing employment itself  share the uncertainty of life and the consequent possibility of termination. Rather, the pertinent issue is, as in the case of the equally problematic issue of the father's receipt of future overtime, see Skipper v. Skipper, 654 So.2d 1181 (Fla. 3d DCA 1995), whether it can be fairly be said that the funds in question are reasonably likely to be "available as a source of income in the future." Skipper, 654 So.2d at 1183. The trial court properly found on ample evidence that this was indeed the case here.[1]
2. The fact that section 61.30(2)(a) does not list "gifts" as a source of income is, by the very terms of the statute, similarly insignificant. Section 61.30(2)(a) specifically provides that "[g]ross income shall include, but is not limited to," the items which follow. See County of Contra Costa v. Lemon, 205 Cal. App.3d 683, 252 Cal. Rptr. 455 (1988) (lottery winnings included although not listed); Klemetsrud v. Klemetsrud, 1994 WL 556365 (Tenn. App. 1994) (same, personal injury award).
3. Nor do the cases cited by the majority support its conclusion. Decisively unlike this situation, they all concern the effect of the receipt of gifts by the obligee-wife rather than the party responsible for payment, and two of the cases involve only spousal rather than child support. Thus, Bob v. Bob, 310 So.2d 328 (Fla. 3d DCA 1975) merely holds that the former husband is not obliged to provide alimony to his ex-wife to the extent necessary to support her in a lifestyle which was achieved during the marriage only through the gifts of her family. Shiveley v. *211 Shiveley, 635 So.2d 1021 (Fla. 1st DCA 1994) precludes the father from reducing his child support obligation because of past gifts to the mother. Similarly, Bedell v. Bedell, 583 So.2d 1005, 1008 (Fla. 1991) rejects:
the husband's contention that the wife does not really need more alimony because her mother is assisting in her support. For the purpose of demonstrating need in dissolution or modification proceedings, the fact that one of the parties is surviving through the largess of her family is legally irrelevant. [e.s.]
None of these statements or holdings comes close to justifying the thought that a father-obligor may refuse to share with his own children money he regularly receives to support himself. I would follow those cases which hold otherwise. As was said in Blickstein v. Blickstein, 99 A.D.2d 287, 294, 472 N.Y.S.2d 110, 115 (1994):
It is not necessary that a party be contractually entitled to certain income before such income can be considered in arriving at the fair amount of child support to be paid (see Tedrow v. Tedrow, 36 A.D.2d 686, 319 N.Y.S.2d 785). The evidence is clear that the defendant has been receiving monthly gifts from his aunt for some time and that it is her intention to continue making these gifts as long as she is able to do so. In these circumstances, the gifts were properly taken into consideration. In the event the payments cease at some later date, the defendant is free to seek a downward modification in this child support obligation in the appropriate manner.
Accord Tutak v. Tutak, 127 Misc.2d 436, 486 N.Y.S.2d 637 (Fam.Ct. 1985), appeal dismissed, 129 A.D.2d 582, 513 N.Y.S.2d 1009 (1987); Vought v. Vought, 22 Misc.2d 356, 195 N.Y.S.2d 521 (Sup.Ct. 1959); see Petrini v. Petrini, 336 Md. 453, 648 A.2d 1016 (1994) (applying statute specifically referring to gifts).
Because I agree with the conclusions of the majority and the trial judge on the remaining issues, I would therefore affirm the judgment below in its entirety.
NOTES
[1] There are exceptions to the general rule. For instance, where the donor is also the employer of the donee, for example in a family business, the trial court would have the latitude to make a determination whether what is being characterized as gifts may in reality be compensation.

Similarly, the child support guidelines provide that income can consist of, among other things, "[r]eimbursed expenses or in kind payments to the extent that they reduce living expenses." § 61.30(2)(a)(13), Fla. Stat. (1993). See Garcia v. Garcia, 560 So.2d 403, 404 (Fla. 3d DCA 1990). No such showing has been made here.
[2] In arriving at a percentage attorney's fee award, the trial court performed the calculation suggested by Pelton v. Pelton, 617 So.2d 714, 716-17 (Fla. 1st DCA 1992). The parties have not addressed Pelton specifically, so we express no opinion on the method there outlined.
[3] After excluding gift income, the former husband's net income ($4,665 per month) is 58 percent, and the former wife's net income ($3,414 per month) is 42 percent, of the parties' combined total net income.
[4] It is, of course, a requirement that the payor spouse have the ability to pay the amount awarded. Where, after considering the respective incomes, the assets of the parties, and the obligations imposed by the dissolution decree, the parties wind up with an equal ability to pay, then the parties should bear their own attorney's fees and costs. See Bible v. Bible, 597 So.2d 359, 361 (Fla. 3d DCA 1992).
[1] Of course, as in the case of every determination which involves a predictive element, an award which includes the gifts is subject to modification if they are no longer available. See Petrini v. Petrini, 336 Md. 453, 648 A.2d 1016 (1994); Tutak v. Tutak, 127 Misc.2d 436, 486 N.Y.S.2d 637 (Fam.Ct. 1985), appeal dismissed, 129 A.D.2d 582, 513 N.Y.S.2d 1009 (1987); Blickstein v. Blickstein, 99 A.D.2d 287, 472 N.Y.S.2d 110 (1984); Lonabaugh v. Lonabaugh, 46 Wyo. 23, 22 P.2d 199 (1933) (support obligation modified when family's gifts ceased); see also Skipper, 654 So.2d at 1183.