664 So.2d 1131 (1995)
Evelyn REYNOLDS, Appellant,
v.
James REYNOLDS, Appellee.
No. 94-2526.
District Court of Appeal of Florida, Third District.
December 13, 1995.
Rehearing Denied January 10, 1996.
Leinoff & Silvers and Andrew M. Leinoff, Coral Gables, for appellant.
Douglas H. Stein; Edward C. Vining, Jr., Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.
SCHWARTZ, Chief Judge.
Following Reynolds v. Reynolds, 615 So.2d 243 (Fla. 3d DCA 1993), the trial court ordered the husband to pay fifty-five percent of the wife's attorney's fees in accordance with the percentage of the parties' assets, as recomputed in accordance with our decision, which were equitably distributed to the respective parties. The wife appeals, claiming her entitlement to all her fees; the husband cross-appeals contending that he should pay none. We agree with the wife's position.
The facts that the wife's forty-five percent share of equitable distribution was primarily in the form of an illiquid asset, the parties' home, and, more importantly, that the husband has a far greater income and is in far better health give him a far "superior ability to pay" the wife's fees. In these circumstances, he must be deemed responsible for the entire amount. See Gomez v. Gomez, 642 So.2d 107 (Fla. 3d DCA 1994); Lozano-Ciccia v. Lozano, 599 So.2d 718 (Fla. 3d DCA 1992); Martinez-Cid v. Martinez-Cid, 559 So.2d 1177 (Fla. 3d DCA 1990); Heller v. Kuvin, 490 So.2d 245 (Fla. 3d DCA 1986). Compare Sol v. Sol, 656 So.2d 206 (Fla. 3d DCA 1995).
Reversed.