SORONDO, J.
Addie S. Baker appeals from the lower court’s amended final judgment of dissolution of marriage. Roland C. Baker appeals from the amended final judgment and from the lower court’s order awarding attorney’s fees.
Roland and Addie were married for over thirty-two years when they separated in November 1994. Roland continued to pay Addie’s expenses during the separation. In December 1996, he filed a petition for dissolution of marriage. At the time, he was fifty-seven years old, Addie was fifty-six and their three children were all adults. Addie received a college degree in 1971, did some graduate work, and worked during the early years of the marriage, but had not been employed for nineteen years in order to care for her family full-time.
Roland was employed as of January 1995, as President and CEO of First Penn Pacific Life Insurance Company, a subsidiary of Lincoln National Corporation. In 1996, he received a total compensation package of approximately $500,000, with a gross base salary of $284,000 and a bonus of $220,000.[1] Previously, Roland was a consultant and 62% owner of a financial consulting firm. His gross income in 1992 was $257,786, in 1993 it was $228,746, and in 1994 it was $227,923.
After a four-day trial, the trial court entered a thirty-page amended final judgment of dissolution of marriage. As concerns the only claim of error we find meritorious in this appeal, on June 11,1998, the trial court awarded Addie attorney’s fees, suit monies and costs, finding the husband responsible for 75% of the totals expended by her.
It is clear from this record that Roland’s significant earnings give him a far superior ability to pay Addie’s attorney’s fees and costs. The law is clear that in dissolution cases attorney’s fees and costs are to be borne by the party who has the greater ability to pay. See Reynolds v. Reynolds, 664 So.2d 1131 (Fla. 3d DCA 1995); Gomez v. Gomez, 642 So.2d 107 (Fla. 3d DCA 1994); Werner v. Werner, 587 So.2d 473 (Fla. 3d DCA 1991); Martinez-Cid v. Martinez-Cid, 559 So.2d 1177 (Fla. 3d DCA 1990); Kuse v. Kuse, 533 So.2d 828 (Fla. 3d DCA 1988). Accordingly, Roland should pay all of the attorney’s fees and costs.
We find no merit in the remaining arguments.
Affirmed in part; reversed in part and remanded.

. The bonus was received in May 1997; half in cash and half in restricted stock.