JORGENSON, Judge,
dissenting.
I respectfully dissent. When the trial court entered the final judgment of dissolution of marriage, the order specifically provided that “the assets will be split fifty/fifty.” However, when the trial court ordered the funds from the Qualified Domestic Relations Order released, the husband was forced to pay substantial penalties and taxes for early withdrawal of his 401k account. This court has now held that the wife is responsible for whatever taxes and penalties she incurs when she makes an early withdrawal from that fund.
*747 It is not possible from this record to determine the exact amounts of penalties and taxes each party is responsible for. It is entirely possible that the husband mil end up with more tax liabilities and penalties than the wife; that result would be contrary to the trial court’s specific directive that the parties’ assets be split “fifty/fifty.”
I would reverse the order on appeal and remand this matter to the trial court to determine the tax liabilities of each party in order to ensure that this distribution of assets complies with the trial court’s directive. See Werner v. Werner, 587 So.2d 473 (Fla. 3d DCA 1991).