526 So.2d 1010 (1988)
Marshall A. LOCHRIDGE, Jr., Appellant,
v.
Joan E. LOCHRIDGE, Appellee.
Nos. 86-2506, 87-979.
District Court of Appeal of Florida, Second District.
June 15, 1988.
Stephen W. Sessums of Sessums & Mason, P.A., Tampa, for appellant.
Louis D. Putney, Tampa, for appellee.
PARKER, Judge.
The husband asserts in this appeal that the trial court erred in awarding lump sum alimony to the wife for support. The husband further seeks review of a grant of attorney's fees to the wife. We agree with the husband regarding the lump sum alimony award and therefore, reverse that portion of the final judgment but affirm the attorney's fee award.
This appeal stems from the dissolution of the parties' twenty-five year marriage. At the time of the final judgment of dissolution, the parties had two adult children and one sixteen-year-old minor child. As represented by the wife and undisputed by the husband on appeal, the combined award to the parties in the final judgment was $2,901,701, with the wife receiving thirty-three *1011 percent of that award and the husband sixty-seven percent. The husband's business income was not affected by the award, and postjudgment, his income exceeds $250,000 per year.
The final judgment contains the following provision of lump sum alimony:
That the husband shall pay the wife lump sum alimony for support in cash of $570,240.00. Said lump sum alimony shall be paid at the rate of $2,200 per month. The first such payment shall be paid on September 8, 1986, and the husband shall continue to make such payments on the 8th day of each month thereafter until a total of $570,240 is paid to the wife or her estate. Said lump sum alimony may not be modified by either party for any reason, that is: neither party shall have a right to increase or decrease the total amount of said lump sum alimony; neither party shall have a right to increase or decrease the monthly amount to be paid toward the lump sum alimony; and neither party shall have the right to extend or shorten the length of time over which said lump sum alimony is to be paid. In the event of the wife's death, the wife's estate shall have the right to receive the lump sum alimony in the wife's stead. In the event of the husband's death, the husband's estate shall be bound to pay the lump sum alimony as ordered herein. The husband shall not be obligated to pay the wife interest upon said lump sum alimony. Said lump sum alimony shall be secured by the husband's retirement plans as provided previously herein.
As assurance for the husband's payment of the child support and lump sum alimony awards, the final judgment further provides:
That all child support ordered herein and all lump sum alimony for support ... shall be secured by certain of the husband's retirement plans, and the wife is hereby awarded a lien for the initial amount of $580,740 against the following property of the husband:
A. Marshall A. Lochridge, Inc. Profit Sharing Plan and Trust.
B. Marshall A. Lochridge, Inc. Defined Benefit Plan.
C. Marshall A. Lochridge Oppenheimer Funds Self-employed Retirement Plan, I.D. number XX-XXXXXXX. Said lien shall decline as the husband makes the payments for child support and lump sum alimony for support ordered herein, and the lien shall hereafter be in an amount equivalent to the sum of the husband's remaining future obligation for payment of lump sum alimony for support and the husband's future obligation for child support, assuming child support payments were to continue until the minor child's eighteenth (18) birthday.
There are two types of lump sum alimony. The first type, as here, relates to support and requires a showing of need and ability to pay. The second type pertains to the equitable division of marital property, necessitating some justification for the lump sum payment and the financial ability on the part of the paying spouse. Tronconi v. Tronconi, 466 So.2d 203 (Fla. 1985); Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Freeman v. Freeman, 468 So.2d 326 (Fla. 5th DCA 1985).
The dissolution judgment in this case reflects an award of the first type of lump sum alimony, i.e., for support. However, our review of the record reveals that the wife presently maintains a net worth of slightly in excess of $1,000,000, even without the lump sum alimony, and that she has the present ability to and does generate income through employment, albeit not a significant amount  $700 per month  when compared to the husband's income. Further, the wife earns passive income from assets and investments on cash awarded to her as part of the dissolution judgment. These amounts are more than sufficient, based upon figures furnished by the wife's accountant, to cover her monthly expenses, which are alleged by the parties to be between $2,100 and $2,300. The wife also has the potential for earning more income through employment since she maintains a valid nursing license, but chooses to hold a lesser paid clerical position, *1012 which provides working hours that correspond with her teenage son's school schedule.
When considering the financial resources available to the wife, we find the award of lump sum alimony for support to be error. Canakaris. Furthermore, the standard for awarding alimony for support that such amount should "provide the needs and necessities of life to the former spouse as they have been established by the marriage of the parties," Canakaris, 382 So.2d at 1201-1202, is not satisfied where, as here, it is undisputed that the husband maintained the family at a monthly budget of $1800 which is well within the amount of income the wife currently generates.
We find no abuse in the trial court's granting of attorney's fees to the wife. "The husband's net worth remained substantially greater than that of the wife. Further, his longtime record of income production and his earning abilities were substantially superior to those of the wife." Blackburn v. Blackburn, 513 So.2d 1360 (Fla. 2d DCA 1987).
Accordingly, we reverse the award of lump sum alimony for support to the wife and remand this matter to the trial court for proceedings in conformity with this opinion.
LEHAN, A.C.J., and HALL, J., concur.