HALL, Judge.
The appellant, the Board of Trustees of the City Pension Fund for Firefighters and Police Officers in the city of Tampa, challenges the final order denying its motion to dissolve an income deduction order which directs it to deduct child support payments from the pension benefits of the former husband of the appellee, Linda Alvarez. The appellant argues that the city of Tampa’s pension funds for firemen and police officers are exempt from garnishment under the city’s pension contract, which was ratified by special act of the legislature, 74-613 Florida Statutes. We agree and reverse.
In 1969, the appellee’s former husband, Phillip Alvarez, a firefighter in the city of Tampa, contracted to participate in the city’s firemen’s and police officer’s pension system. In 1973, Alvarez became entitled to a disability pension under the contract. Alvarez and the appellee were later divorced, at which time the circuit court entered an income deduction order that was served upon the appellant in May 1988 directing that the appellant deduct child support payments from Alvarez’s pension.
In June 1988, the appellant moved to dissolve the income deduction order on the ground that the terms of the city’s pension contract ratified by special act 74-613 prohibited the garnishment of pension benefits for debt or other legal process. Further, the appellant asserted that the income deduction order violates section 175.241, Florida Statutes (1987) which provides: “The pensions, annuities, or other benefits accrued or accruing to any persons under the provisions of this chapter ... shall not be subject to execution or attachment or to any legal process whatsoever and shall be unassignable.” Chapter 175 of the Florida Statutes is a general act creating a Municipal Firemen’s Pension Trust Fund in each municipality of the state without such a fund and establishing guidelines for municipalities having the fund.
The trial court denied the motion on the ground that section 61.1301, Florida Statutes (1987), which provides for the entry of income deduction orders once an obligation to pay alimony or child support has been established, was enacted subsequently to section 175.241 and therefore the conflicting provisions in section 61.1301 should prevail. The trial court found that the retirement benefits and pension funds were subject to garnishment under section 61.1301 since they are included in the definition of “income” under section 61.046(4).
The appellant timely filed this challenge to the trial court’s order.
As a matter of public policy, we agree with the trial court that section 61.1301 should generally apply to a disability or retirement pension when a valid support order has been entered by a court in a dissolution of marriage or child custody proceeding. However, in this case, the pension fund was ratified by a special act of the legislature, ch. 74-613, Laws of Florida, which prevails over chapter 61, a general act of the legislature. State ex rel. Johnson v. Vizzini, 227 So.2d 205 (Fla. 1969); Floyd v. Bentley, 496 So.2d 862 (Fla. 2d DCA 1986), review denied, 504 So.2d 767 (Fla.1987). Although a special act may be repealed by a subsequent general act in some circumstances, legislative intent to repeal the original act must be clearly shown. Jackson v. Consol. Gov’t, *1112 225 So.2d 497 (Fla.1969). Section 61.1301, which was enacted in 1986, does not address the exemption from garnishment of retirement or disability proceeds under the firemen’s and policemen’s funds or otherwise demonstrate legislative intent to repeal the special act.
Further, section 61.1301 conflicts with section 175.241, both of which are general acts of the legislature. As the appellant points out, a more specific statute covering a particular subject is controlling over one covering the same subject in general terms. State v. Billie, 497 So.2d 889 (Fla. 2d DCA 1986), review denied, 506 So.2d 1040 (Fla.1987); Kiesel v. Graham, 388 So.2d 594 (Fla. 1st DCA 1980), review denied, 397 So.2d 778 (Fla.1981). We must therefore hold that the pension benefits are exempt and the trial court erred in denying the motion to dissolve the income deduction order.
However, because of the importance of the public policy issue involved herein, we certify the following question to the Florida Supreme Court.
DOES SECTION 61.1301, WHICH MANDATES THE ENTRY OF INCOME DEDUCTION ORDERS FOR CHILD SUPPORT PURSUANT TO A TRIAL COURT ORDER, IMPLICITLY REPEAL THE PROVISIONS OF A SPECIAL ACT OF THE LEGISLATURE PROHIBITING SUCH GARNISHMENT OF PENSION BENEFITS FOR DEBT OR OTHER LEGAL PROCESS?
FRANK, A.C.J., and PARKER, J., concur.