580 So.2d 151 (1991)
Linda Earline ALVAREZ, Petitioner,
v.
BOARD OF TRUSTEES OF THE CITY PENSION FUND FOR FIREFIGHTERS AND POLICE OFFICERS IN THE CITY OF TAMPA, Respondent.
No. 76418.
Supreme Court of Florida.
May 16, 1991.
Joseph R. Boyd and William H. Branch of Boyd & Branch, P.A., and Chriss Walker, Dept. of Health and Rehabilitative Services, Tallahassee, for petitioner.
James B. Loper of James B. Loper, P.A., Tampa, for respondent.
KOGAN, Justice.
We review Board of Trustees of the City Pension Fund v. Alvarez, 563 So.2d 1110 (Fla. 2d DCA 1990), wherein the district court certified the following question as being of great public importance:
DOES SECTION 61.1301, WHICH MANDATES THE ENTRY OF INCOME DEDUCTION ORDERS FOR CHILD SUPPORT PURSUANT TO A TRIAL COURT ORDER, IMPLICITLY REPEAL THE PROVISIONS OF A SPECIAL ACT OF THE LEGISLATURE PROHIBITING SUCH GARNISHMENT *152 OF PENSION BENEFITS FOR DEBT OR OTHER LEGAL PROCESS?
Id. at 1112. We have jurisdiction, pursuant to article V, section 3(b)(4), Florida Constitution. This case involves a motion to dissolve an income deduction order, entered pursuant to section 61.1301, Florida Statutes (1987), which directs the respondent, the Board of Trustees of the City Pension Fund for Firefighters and Police Officers in the City of Tampa (the Board of Trustees), to deduct child support payments from the pension benefits of Phillip Alvarez, the petitioner's former husband.
In 1973, Phillip Alvarez, a Tampa firefighter, became entitled to a disability pension based on his participation in the city's firefighters' and police officer's pension system. Alvarez and the petitioner were later divorced. On October 7, 1987, contemporaneously with an order modifying the final judgment, an income deduction order directing the Board of Trustees to deduct child support payments from Alvarez's pension benefits was entered by the court. The order was served on respondent in May 1988.
In June of that year, the Board of Trustees moved to dissolve the order on the grounds that 1) the terms of the city pension contract[1] ratified by special act, chapter 74-613, section 3, Laws of Florida, prohibits the garnishment of pension benefits for debt or other legal process; and 2) the order violates section 175.241, Florida Statutes (1987),[2] which exempts municipal firefighters' pension benefits from legal process. The trial court denied the motion, finding that retirement benefits and pensions are subject to section 61.1301 deduction orders, because they are specifically included in the definition of "income" under section 61.046(4), Florida Statutes (1987), and "[o]nly Veterans Administration disability, and unemployment compensation benefits are excluded from this definition." The court reasoned that section 61.1301, which provides for the entry of income deduction orders, was enacted subsequently to chapter 74-613 and section 175.241 and therefore because of the irreconcilable conflict between the provisions, the latest expression of legislative intent should control.
On appeal, the district court reversed. The court reasoned that as a matter of public policy section 61.1301 should generally apply to disability and or retirement pensions. However, in this case the pension contract, which prohibits garnishment of pension benefits under the firefighters' and police officers' fund, was ratified by a special act, and a special act must prevail over a conflicting subsequent general act unless the legislative intent to repeal the special act is clearly shown. 563 So.2d at 1111. Finding that section 61.1301 does not address the exemption from garnishment of such benefits "or otherwise demonstrate legislative intent to repeal the special act," 563 So.2d at 1112, the district court concluded that the special act controls. The district court further concluded that section 175.241, a general law that specifically covers the subject, must control over section 61.1301, a general law that is general in its coverage. Id. The district court certified the above-quoted question, which we rephrase as follows:
DO SECTIONS 61.1301 AND 61.046(4), WHICH, RESPECTIVELY, MANDATE THE ENTRY OF INCOME DEDUCTION ORDERS FOR COURT-ORDERED ALIMONY AND CHILD SUPPORT AND DEFINE THE "INCOME" SUBJECT TO SUCH ORDERS, IMPLICITLY REPEAL THE PROVISIONS OF CHAPTER 74-613, LAWS OF FLORIDA, AND SECTION 175.241 THAT WOULD PROHIBIT SUCH GARNISHMENT *153 OF A FIREFIGHTER'S PENSION BENEFITS?
We answer in the affirmative.
Although repeal by implication is not favored, a general law may be impliedly repealed, in part or in whole, by a subsequently enacted general law, where it appears that there is an irreconcilable conflict between the two or that the later enactment was clearly intended to prescribe the only rule that should govern the area to which it is applicable or that the later act revises the subject matter of the former. Sweet v. Josephson, 173 So.2d 444 (Fla. 1965). Likewise, a special act may be impliedly repealed or modified by a general act, where the general act is a general revision of the whole subject or where the two acts are so irreconcilable as to clearly demonstrate a legislative intent to repeal. Town of Indian River Shores v. Richey, 348 So.2d 1 (Fla. 1977); City of Miami v. Kichinko, 156 Fla. 128, 22 So.2d 627 (1945).
The income deduction provisions of chapter 61 were first enacted in chapter 84-110, sections 3 and 4, Laws of Florida, and codified at sections 61.1301 and 61.181(3)(b), Florida Statutes (Supp. 1984).[3] Section 61.1301 mandated the issuance of an income deduction order directing a person or agency providing or administering income to the person obligated for payment of child support to deduct from "all moneys due and payable" such amounts as are required to meet the support obligation. Section 61.181(3)(b) provided for enforcement of an order of alimony or child support through income deduction. Both sections 61.1301 and 61.181(3)(b) expressly included retirement benefits and pensions in the term "moneys due," which thus would be subject to income deduction.
In 1986, the income deduction provisions of chapter 61 were extensively amended in chapter 86-220, Laws of Florida. Section 61.1301, as amended in section 119 of chapter 86-220, contains the complete chapter 61 mechanism for income deduction. This section, as codified in Florida Statutes (1987), reads in pertinent part:
61.1301 Income deduction orders. 
(1) ISSUANCE IN CONJUNCTION WITH AN ALIMONY OR CHILD SUPPORT ORDER OR MODIFICATION. 
(a) Upon the entry of an order establishing, enforcing, or modifying an alimony or a child support obligation, the court shall enter a separate order for income deduction if one has not been entered....
(b) The income deduction order shall:
1. Direct a payor to deduct from all income due and payable to an obligor the amount required by the court to meet the obligor's support obligation[.]
Section 113 of chapter 86-220, Laws of Florida, created section 61.046(4) that defines the "income" subject to a chapter 61 deduction order. Section 61.046(4), Florida Statutes (1987), provides:
(4) "Income" means any form of payment to an individual, regardless of source, including, but not limited to: wages, salary, commissions and bonuses, compensation as an independent contractor, worker's compensation, disability benefits, annuity and retirement benefits, *154 pensions, dividends, interest, royalties, trusts, and any other payments, made by any person, private entity, federal or state government, or any unit of local government. Veterans Administration disability benefits and unemployment compensation, as defined in chapter 443, are excluded from this definition of income.

(Emphasis added.)
Based on the following construction of section 61.046(4), we find an irreconcilable conflict between the income deduction provisions of chapter 61 and the provisions of both chapter 74-613 and section 175.241 that would exempt firefighters' pension benefits from income deduction. Section 61.046(4) defines the income that can be reached by a section 61.1301 income deduction order very broadly to include "any form of payment to an individual, regardless of source." This definition expressly includes "disability benefits, annuity and retirement benefits, pensions" and any other payments made by "any unit of local government." As did the trial court, we find it significant that section 61.046(4) expressly excludes Veterans Administration disability benefits and unemployment compensation from the definition of reachable income. Applying the doctrine of expressio unius est exclusio alterius,[4] we conclude that by expressly excluding two forms of payment to an individual, which appear to be otherwise exempt from legal process,[5] the legislature intended to "preempt the field" of exclusions and to subject to chapter 61 income deduction all other forms not so mentioned. Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952) (where the legislature provides express exceptions to the precise language of a statute, "[w]e must assume that it thoroughly considered and purposely preempted the field of exceptions to ... the statute"); Williams v. American Sur. Co., 99 So.2d 877, 880 (Fla. 2d DCA 1958) (where a statute sets forth exceptions, no others may be implied to be intended); see also City of Miami v. Kichinko, 156 Fla. at 131, 22 So.2d at 629 (applying maxim that mention of one thing in a statute implies the exclusion of things not mentioned to determine that general act impliedly repealed a special or local one). Based on this clear legislative intent that section 61.046(4) serve as a complete statement of what "income" can be reached by a chapter 61 deduction order, both chapter 74-613 and section 175.241 are repealed to the extent that they exempt firefighters' pension benefits from such orders.
Accordingly, we answer the certified question as restated in the affirmative, quash the decision of the district court below, and remand for further proceedings consistent with this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and HARDING, JJ., concur.
NOTES
[1] Section 18 of the pension contract provides:

No pension provided for herein shall be assignable or subject to garnishment for debt or other legal process.
[2] Section 175.241, Florida Statutes (1987), which pertains to municipal firefighters' pension trust funds, provides in pertinent part:

The pensions, annuities, or other benefits accrued or accruing to any person under the provisions of this act ... shall not be subject to execution or attachment or to any legal process whatsoever, and shall be unassignable.
[3] Section 61.1301, Florida Statutes (Supp. 1984), provides in pertinent part:

the court shall issue an income deduction order which directs the employer or former employer, or other person or agency providing or administering income to the person obligated for payment of child support, .. . to deduct from all moneys due and payable to such person, the entitlement to which moneys is based upon, but not limited to, ... retirement benefits, [or] pensions, ... such amounts as are required to meet the obligation as provided in s. 61.181(3)(b).
Section 61.181(3)(b), Florida Statutes (Supp. 1984), provides in pertinent part:
When the case is not a Title IV-D case, the depository shall enforce an order of alimony or child support through income deduction... . In utilizing the enforcement remedy of income deduction, the depository shall proceed in the following manner and subject to the following restrictions:
... .
3... . the depository shall serve an income deduction order ... upon the ... disbursing officer of a pension fund, ... to periodically deduct from all moneys due and payable to the responsible party, the entitlement to which moneys is based upon, but not limited to, ... retirement benefits, [or] pensions, ... such amounts as are necessary to comply with the order of alimony or child support... .
[4] The enumeration of specific items excludes others not so listed. State v. Parsons, 569 So.2d 437-38, n. 1 (Fla. 1990).
[5] At the time section 61.046(4), Florida Statutes (1987), was enacted, Veteran's Administration benefits and unemployment compensation appear to have been exempt from legal process under section 38 U.S.C. § 3101 (Supp. 1980-89) and section 443.051, Florida Statutes (1985), respectively. Section 443.051(3), which was last amended in 1983, provides an exception to the exemption from process for child support obligations which are being enforced pursuant to an enforcement program approved under Part D of Title VI of the Social Security Act. In a Title VI-D case, section 443.051(3)(b) mandates deduction from unemployment compensation and payment to the appropriate Title VI-D enforcement agency.