PER CURIAM.
The parties to this appeal seek review by appeal, and cross appeal, of a final judgment disolving their marriage of twenty-one years. The final judgment, among other things, awarded equitable distribution of marital assets, awarded permanent periodic *499 alimony to the wife, plus lump sum alimony to be paid out of the husband’s retirement payments pursuant to the City of Miami Fire Fighters’ and Police Officers’ Retirement Trust, when he ultimately retires from his position as a City of Miami fireman. We find no error in the final judgment as urged by the parties,[1] Alvarez v. City of Tampa, 580 So.2d 151 (Fla.1991); Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla.1986); Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Schorb v. Schorb, 547 So.2d 985 (Fla. 2d DCA 1989); Dwyer v. Dwyer, 513 So.2d 1325 (Fla. 2d DCA 1987); City of Miami v. Spurrier, 320 So.2d 397 (Fla. 3d DCA 1975), except the wife’s point as to the failure of the trial court to require life insurance on the life of the husband.
We return this matter to the trial court to make an appropriate award in the form of insurance to be carried by the husband to protect the wife’s deferred lump sum alimony award. Sobelman v. Sobelman, 541 So.2d 1153 (Fla.1989); Section 61.08(3), Florida Statutes (1989).
Affirmed in part, reversed in part, with directions.

. The husband also contends that the trial court erred in requiring him to be responsible for one-half of the wife's attorney fees. We find no error in this division in light of the disparity in incomes. Kuse v. Kuse, 533 So.2d 828 (Fla. 3d DCA 1988); Blackburn v. Blackburn, 513 So.2d 1360 (Fla. 2d DCA 1987); Lochridge v. Lochridge, 526 So.2d 1010 (Fla. 2d DCA 1988); Naples Park-Vanderbilt Beach Water District v. Downing, 244 So.2d 464 (Fla. 2d DCA 1971); Bambrick v. Bambrick, 165 So.2d 449 (Fla. 2d DCA 1964); Section 59.041, Florida Statutes (1989).