Randy Ludacer County Attorney
QUESTION:
Does a special act creating a mosquito control district which provides for the partisan election of the board of commissioners prevail over s. 388.101(1), F.S., which provides for the nonpartisan election of district boards of commissioners of mosquito control districts?
SUMMARY:
In the absence of legislative or judicial clarification, the provisions of a special act creating a mosquito control district which provide for the partisan election of commissioners control over the provisions of general law which provide for the nonpartisan election of mosquito control district commissioners.
Chapter 67-1726, Laws of Florida, creates the Monroe County Mosquito Control District to control and eliminate mosquitoes and other arthropods in the county. The district is governed by a board of commissioners consisting of five members. Section 3 of Ch. 67-1726, Laws of Florida, provides in part:
 Candidates or incumbents of the office [of commissioner] shall qualify in the primaries and general elections which primaries and general elections shall be conducted in accordance with the existing election laws of the state of Florida.
Section 97.021(21), F.S., of the Florida Election Code defines "Primary election" as an "election held preceding the general election for the purpose of nominating a party nominee to be voted for in the general election to fill a national, state, county, or district office. . . ." Thus, the special act creating the district requires candidates to qualify in the primaries which, under the election laws of this state, is an election held for the purpose of nominating a party nominee to be voted for in the general election.
This office has been advised that based upon the language in the special act and election laws, commissioners for the district have been elected on a partisan basis.[1] Recently, however, during an investigation by the state attorney into the residency of one commissioner, the issue was raised as to whether s.388.101(1), F.S., providing for the nonpartisan election of mosquito control district commissioners would pre-vail over the provisions of the special act.
You, therefore, ask whether the provisions of the general law prevail over a special act providing for the partisan election of commissioners. From the information provided to this office, it appears that the county attorney has advised you that the special act prevails over s. 388.101, F.S.
Repeals of laws by implication are not favored.[2] Where two statutes conflict, it is a general rule of construction that the more specific statute covering a particular subject matter will control over a general statute covering the same subject.[3] A general act, however, may operate to repeal an inconsistent special law, even though containing no general repealing clause, where the general law is an overall revision of the whole subject or where the legislative intent is clear that one should repeal or modify the other.[4]
Section 388.101(1), F.S., provides in part:
Following the creation of the district, and in the general election each 4 years thereafter, the district board of commissioners shall be elected on a nonpartisan basis by the electors of the district.
"District" is defined for purposes of Ch. 388, F.S., to mean "any mosquito control district established in this state by law for the express purpose of controlling arthropods within boundaries of said districts."[5] Such a definition would include districts created by special act of the Legislature.
The language in s. 388.101(1), providing for the non-partisan election of commissioners was first adopted by s. 10, Ch. 80-281, Laws of Florida. An examination of its legislative history indicates that the purpose of the legislation was to clarify certain provisions relating to the creation of special districts.[6] Section 388.031, F.S. 1979, which authorized the creation of mosquito control districts by petition, was deleted.[7] Section 388.021, F.S., was amended to provide that "those mosquito control districts established prior to July 1, 1980, pursuant to the petition process formerly contained in s. 388.031, may continue to operate as outlined in [Ch. 388, F.S.]."[8]
In discussing the effect of the proposed changes, the Staff Analysis on HB 914 (enacted as Ch. 80-281, Laws of Florida), states:
After July 1, 1980, no mosquito control district could be created pursuant to section 125.01, Florida Statutes. . . . All sections in chapter 388, Florida Statutes, dealing with the current petition process are repealed. In addition, commissioners ofthese districts are to be elected on a non-partisan basis.[9] (e.s.)
My examination of the legislative history surrounding the enactment of HB 914 failed to reveal any evidence whether the Legislature intended to affect those existing districts created by special act. Nor does an examination of the other provisions of Ch. 388, F.S., provide much guidance.[10] Chapter 80-281, Laws of Florida, however, does not appear to constitute an overall and complete revision of the subject area but rather an attempt by the Legislature to modify the manner in which mosquito control districts are created and to clarify how those districts created under the former provisions of Ch. 388, F.S., are to operate. Nor does there appear to be any clear expression of legislative intent from my review of the statute's legislative history, that the Legislature intended to amend the special acts creating such districts.
Inasmuch as repeals by implication are disfavored in law and in light of the general rules of statutory construction, until this matter is legislatively or judicially clarified, it appears that the provisions of the special act creating the Monroe County Mosquito Control District would prevail over any conflicting provision of s. 388.101(1), F.S.
RAB/tjw
[1] This office has not been asked to interpret the provisions of the special act; however, an agency's construction of the statute it is charged with administering should be given great weight. See, e.g., Florida Insurance Guaranty Association v. Renfroe, 568 So.2d 962 (1 D.C.A. Fla., 1990); Island Harbor Beach Club, Ltd. v. Department of Natural Resources,495 So.2d 209 (1 D.C.A. Fla., 1986), review denied,503 So.2d 327 (Fla. 1987).
[2] See generally, State v. Dunmann, 427 So.2d 166
(Fla. 1983); Town of Indian River Shores v. Richey, 348 So.2d 1
(Fla. 1977).
[3] See, City of St. Petersburg v. Carter,39 So.2d 804 (Fla. 1949); Board of Trustees of the City Pension Fund for Firefighters and Police Officers in the City of Tampa v. Alvarez,563 So.2d 1110 (2 D.C.A. Fla., 1990).
[4] See, Jackson v. Consolidated Government of City of Jacksonville, 225 So.2d 497 (Fla. 1969) (general act does not repeal or modify special act unless general act is complete revision of whole subject or unless the two acts are so irreconcilable as to clearly demonstrate a legislative intention to repeal); City of Miami v. Kichinko, 22 So.2d 627 (Fla. 1945).
[5] Section 388.011(2), F.S.
[6] See, Staff Analysis on HB 914 (passed as Ch. 80-281, Laws of Florida), Committee on Community Affairs, Florida House of Representatives, dated March 28, 1980, stating that a report on independent special districts adopted by the committee detailed several problems with statutes that provide for the creation of such districts and that the changes in HB 914 would deal with such problems.
[7] Section 12, Ch. 80-281, Laws of Florida.
[8] Section 9, Ch. 80-281, Laws of Florida.
[9] Staff Analysis on HB 914, Committee on Community Affairs, Florida House of Representatives, dated March 28, 1980.
[10] For example, s. 388.141(1), F.S., limits the salary of commissioners of independent special districts to 4,800. The statute goes on to provide that this section shall not be construed to limit compensation of commissioners where higher amounts have been authorized by special act. Such language implies that the statute, but for that language, would apply to, and control over, a special act to the contrary. Subsection (2) of s.388.141, F.S., however, provides that no board member shall be compensated for per diem and travel expenses except as authorized by s. 112.061; it expressly states that all special districts, regardless of the existence of other specific provisions of law, shall comply with this subsection. Such language implies that the subsection, but for the requirement that all districts comply, would not be applicable to a district with a special act containing inconsistent terms.