PER CURIAM.
We affirm the award of permanent periodic alimony for the wife and the award of the wife’s attorney’s fees. However, we reverse the award of lump sum alimony for the wife and remand for further proceedings consistent with this opinion.
The final judgment of dissolution, among other things, awarded the wife lump sum alimony. As to that award, the trial court made the following fact findings:
The parties lived an increasingly comfortable middle-class lifestyle during the ten years of their marriage. Three months before separating, the husband landed a lucrative job which more than doubled his annual salary [to $135,000]. The wife contributed to the husband’s career advancement during the ten year marriage in homemaking, child care, and career building areas. The wife will need at least six months to prepare herself to successfully re-enter the work force with appropriate employment. The equitable distribution set forth in this judgment leaves the parties with equal net worth, but the husband’s earning capacity exceeds the wife’s by one thousand percent presently. There is no sign that her earning capacity will ever equal or come close to the husband’s in the future. To do equity and justice to the parties in light of these circumstances, the wife will be awarded lump sum alimony of $60,000, payable over the next five years at the rate of $1,000 per month through the court registry.
It appears to us from reading these findings that the trial court awarded lump sum alimony because of the disparity that existed between the earning capacity of the parties. We hold that the trial court erred when it made that award on that basis.
Florida courts recognize only two types of lump sum alimony:
The first ... relates to support and requires a showing of need and ability to pay. The second type pertains to the equitable division of marital property, necessitating some justification for the lump sum payment and the financial ability on the part of the paying spouse.
Lochridge v. Lochridge, 526 So.2d 1010, 1011 (Fla. 2d DCA 1988). Neither party takes issue with the trial court’s equitable distribution of their marital assets and debts, therefore, the only other basis for the lump sum alimony was that it related to support. However, we have affirmed the trial court’s award of permanent periodic alimony and the husband has not challenged the award of child support. Those awards when combined met the needs of the wife and the child and made an award of lump sum alimony related to support inappropriate. On remand, because of its findings of fact the trial court may consider whether to award the wife rehabilitative alimony.
The final judgment also provided that the husband “keep the wife insured with the same type of insurance, or substantially equal to the medical insurance the husband carries on himself.” A similar provision has recently been upheld by this court in Blythe v. Blythe, 592 So.2d 353, 355 (Fla. 4th DCA 1992). However, because the husband now works for a hospital, we assume that his medical insurance coverage will be extensive. If compliance *1253 with this provision becomes cost prohibitive to the husband, we point out that he does have the right to seek modification.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
ANSTEAD and GARRETT, JJ., concur.
HERSEY, J., concurring in part and dissenting in part, with opinion.