599 So.2d 718 (1992)
Maria Del Rosario LOZANO-CICCIA, Appellant,
v.
Jaime LOZANO, Appellee.
Nos. 91-1147, 91-1336.
District Court of Appeal of Florida, Third District.
May 26, 1992.
Harvey D. Rogers and Stephanie B. Rogers, Miami, for appellant.
Elser, Greene & Hodor and Cynthia Greene, Miami, Andrew Leinoff, Coral Gables, for appellee.
Before NESBITT, JORGENSON and LEVY, JJ.
PER CURIAM.
Appellant, Maria del Rosario Lozano-Ciccia, seeks review of two orders, one, the final judgment dissolving her two and one-half year marriage to appellee, Jaime Lozano, the other, the order determining and awarding fees and costs. We affirm the final judgment of dissolution. As to the order awarding fees and costs, we affirm in part, reverse in part, and remand with directions.
First, we find no error in either the trial court's denial of alimony or its distribution of marital assets. While the husband is a gainfully employed Florida physician, the wife is also a physician, in her native country of Peru, and was found to have a number of skills marketable in this country. The trial court specifically found the wife well able to support herself, but also found that she had voluntarily elected not to find employment. See Polley v. Polley, 588 So.2d 638 (Fla. 3d DCA 1991); Vena v. Vena, 556 So.2d 436 (Fla. 5th DCA 1990).
*719 Looking to the wife's claim that she received less than her fair share of the marital assets, the trial court made specific findings of fact regarding the wife's lack of contribution to the marriage, the short term nature of the marriage, and the husband's contribution to the wife's career development, all of which were appropriate considerations under section 61.075, Florida Statutes (1991). Here, the value of the marital home and the pension fund were shared equally between the parties. The husband retained the bulk of the estimated and hotly disputed value of a business venture, which was likely to produce several years of earnings, but which had required no initial investment on the couple's part. Under these circumstances, we find no abuse of discretion in the court's distribution of these assets. See Rosenfeld v. Rosenfeld, 597 So.2d 835 (Fla. 3d DCA 1992) (equitable distribution of marital assets is presumptively equal, but may be varied if there is good reason to do so).
Finally, the trial court, in accord with the evidence presented, determined wife's reasonable attorney's fees to be $10,000 and ordered the husband to pay one-half that sum. Additionally, the court ordered the husband responsible for the costs of the litigation. In light of the great disparity in the couple's incomes, we find the trial court erred in not ordering the husband to pay wife's attorney's fees in full. The husband's longtime record of income production and his earning ability were substantially superior to those of the wife. Whitesides v. Whitesides, 585 So.2d 498 (Fla. 3d DCA 1991); Kuse v. Kuse, 533 So.2d 828 (Fla. 3d DCA 1988); Lochridge v. Lochridge, 526 So.2d 1010 (Fla. 2d DCA 1988); Blackburn v. Blackburn, 513 So.2d 1360 (Fla. 2d DCA 1987).
Accordingly, we affirm the final judgment dissolving the marriage, denying alimony, and equitably distributing the marital assets. As to the order on fees and costs, we reverse in part, and remand with instructions that husband be ordered to pay wife's attorney's fees in the full. The balance of that order is affirmed.
Affirmed in part, reversed in part, remanded with directions.