PER CURIAM.
Marilyn Herman appeals an order on report of the general master. We reverse.
We find that the trial court erred in rejecting the master’s finding that the final dissolution judgment awarded Marilyn Herman the marital home free and clear of the first mortgage. The master’s finding was supported by substantial competent evidence and was not clearly erroneous. The trial court, therefore, improperly substituted its judgment. Bragassa v. Bragassa, 505 So.2d 556, 558 (Fla. 3d DCA 1987).
Additionally, the trial court abused its discretion in awarding Marilyn Herman only a minimal portion of Mr. Herman’s retirement benefits in light of the factors set forth in section 61.075, Florida Statutes (1991). There is no record evidence justifying such a meager award. The parties had been married for 33 years. During the marriage Mrs. Herman was a homemaker and eared for the parties’ children. Her poor health prevents her from obtaining employment. Compare Lozano-Ciccia v. Lozano, 599 So.2d 718 (Fla. 3d DCA 1992). Moreover, under the facts of this ease, the trial court erred in failing to award Marilyn Herman survivor benefits. See Heldmyer v. Heldmyer, 555 So.2d 1324 (Fla. 5th DCA 1990). On remand, the trial court should equitably distribute Mr. Her *343 man’s retirement benefits and survivor benefits.
In view of the foregoing analysis, on remand the trial court may reconsider Marilyn Herman’s motion for modification of alimony. The order on appeal is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.
Reversed and remanded.