QUINCE, Judge.
Cathi A. Bostic seeks review of a trial court order refusing to enforce an income deduction order against the former employer of her ex-husband, Terrance A. Bostic. We reverse because Mrs. Bostic’s claim against her ex-husband’s wages was superior to the claim on those wages made by the employer.
The Bostics were divorced in April 1990. In August 1992 Mr. Bostic was found in contempt of court for failure to pay court ordered child support of $1,700.00 monthly. On October 27, 1992, the trial court entered an income deduction order directing Mr. Bostic’s current or former employer to deduct $2,200.00 per month from all income due and payable to Mr. Bostic. The income deduction order was served on Bush Ross Gardner Warren & Rudy, P.A., (Bush Ross), the Tampa law firm employing Mr. Bostic, who is an attorney. On January 1, 1991, when Mr. Bostic began his employment with the firm, he executed an employment agreement which provided, inter alic^ that in any year in which fees collected for Mr. Bostic’s work were not sufficient to justify the amount of compensation he had taken, the excess compensation would be treated as a loan from the firm.
During November 1992 Mr. Bostic resigned from the firm effective December 1, 1992. On December 1,1992, Mr. Bostic gave the firm a promissory note in the sum of $88,871.76, representing his indebtedness to the firm under two prior notes and his 1992 salary shortfall. Under the terms of the note, the principal obligation was to be paid on or before November 30, 1993. Interest payments were to be made monthly. On December 4, 1992, Bush Ross filed a notice that the employer no longer provides income to employee, advising that Mr. Bostic terminated his employment, and as a result, no income became due and payable to him under the income deduction order.
On December 23, 1992, Mr. Bostic and the firm entered into another agreement, which was set forth in a letter dated December 18, 1992. The agreement in essence said that in consideration for cancellation of Mr. Bostic’s employment agreement, he was entitled to sixty percent of his production attorney collections for the period beginning December 1, 1992, and ending November 30, 1993. In addition, the firm was to use reasonable and good faith efforts to effect collection of Mr. Bostic’s production attorney collections, including filing suit. This agreement also provided that Mr. Bostic’s share of monies collected would be applied to his outstanding debt to the firm until paid. Attached to the agreement was a copy of Mr. Bostic’s promissory note to the firm and a calculation of the outstanding amount due on the note.
Thereafter, the firm began collecting fees for work done by Mr. Bostic and applying Mr. Bostic’s sixty percent share to his firm indebtedness, as evidenced by the promissory note of December 1, 1992. In April 1993 Mrs. Bostic filed a motion seeking to enforce the income deduction order against Bush Ross. She argued that Mr. Bostic’s share of the collected fees was subject to the income deduction order and should have been remitted to the government support depository for payment of Mr. Bostic’s child support obligation. At a hearing before a general master held in December 1993 it was shown that by November 17, 1993, Mr. Bostic’s share of the monies collected amounted to $30,879.79. Of these monies $11,409.87 had been applied to interest and $19,469.92 to principal on the promissory note. As of December 6, 1993, Mr. Bostic was $15,901.50 in arrears on his child support obligation.
In January 1995 the general master recommended that the trial court deny Mrs. Bostic’s motion, concluding that the firm never owed Mr. Bostic any funds after December 1, 1992. The general master further found the income deduction order was the equivalent of a writ of garnishment, and that *368 a garnishor had no higher legal position than a judgment debtor. Mrs. Bostic filed timely exceptions to the report. The trial -court by order dated March 28, 1995, adopted the general master’s recommendation.
We reverse and remand for further proceedings because the trial court erroneously determined that the monies collected by the firm on eases handled by Mr. Bostic were not income to Mr. Bostic and therefore not subject to the income deduction order. The agreement reached concerning Mr. Bostic’s termination of his employment with the law firm indicates Mr. Bostic was entitled to sixty percent of the amount the firm collected on his outstanding accounts. In addition, the law firm admits that the collections, which were used to offset Mr. Bostic’s debt to the firm, were characterized as income to Mr. Bostic for federal income tax purposes. Under these circumstances, we hold the sixty percent of sums collected on Mr. Bostic’s accounts was income to him.
The other, issue before this court is whether the firm has a right to set-off from these collected funds Mr. Bostic’s indebtedness to the firm. In Alvarez v. Board of Trustees Of City Pension Fund For Firefighters and Police Officers In City Of Tampa, 580 So.2d 151 (Fla.1991), the supreme court implicitly recognized that an income deduction order is similar to a writ of garnishment. In a writ of garnishment proceeding, the garnishee may claim a set-off of money due and owing if the set-off is based on a matured debt. See Bank of Winter Park v. Resolution Trust Corp., 633 So.2d 53 (Fla. 5th DCA 1994); Coyle v. Pan American Bank of Miami, 377 So.2d 213 (Fla. 3d DCA 1979). The debt to the law firm in this instance was not matured, that is, not a debt that was unconditionally due and presently payable. The December 1992 note which included all monies owed to the firm by Mr. Bostic, provides that the principal sum was payable in full by November 30, 1993, and only accrued interest was payable monthly. This note was executed by Mr. Bostic after the income deduction order was signed and served on the parties.
We disagree with the law firm’s assertion that the setoff was properly based on the employment agreement. The sixty/forty split of the monies collected was not provided for in the original employment contract. Based on the correspondence between Mr. Bostic and the law firm, this split was negotiated after the law firm received the income deduction order. Although the original employment contract made any excess compensation to Mr. Bostic a loan from the firm, the record does not indicate when monies under any prior notes based on this excess compensation were due. Lastly, the terms of the employment agreement were no longer applicable to this case because the parties signed the December 1992 agreement and note, which among other provisions, cancelled the terms of the employment agreement. This new agreement, entered into after the November 1992 service of the income deduction order, cannot be used as set-off to defeat Mrs. Bostic’s claim. See Eger Block & Redi-Mix Co. v. Wheeler, 207 So.2d 698 (Fla. 2d DCA 1968).
Since the debt to the law firm was not a matured debt when the income deduction order was served, the firm was not entitled to a set-off of the monies due under the note. We, therefore, reverse and remand for further proceedings.
SCHOONOVER, A.C.J., and PATTERSON, J., concur.