Ms. Carol Licko General Counsel Office of the Governor The Capitol Tallahassee, Florida 32399-0001
Dear Ms. Licko:
You ask substantially the following question:
Is a vacancy on the Board of Commissioners of the West Volusia Hospital Authority filled by the remaining members of the commission or by the Governor?
In sum:
The enabling legislation for the West Volusia Hospital Authority provides that the remaining members of the authority's board of commissioners shall fill any vacancy on the board.
The West Volusia Hospital Authority (Authority) is a special tax district created pursuant to Chapter 57-2085, Laws of Florida, as amended, with all the powers of a body corporate.[1] The Authority was created for and charged with the responsibility pursuant to its enabling act "to establish, construct, operate and maintain such hospital or hospitals as . . . shall be necessary for the use of the people of said district."[2]
According to the information provided by your office, one of the commissioners of the Authority is no longer able to serve due to health reasons. Section 2.2 of the Authority's enabling legislation provides:
"Should a vacancy or vacancies in the office of commissioner on the board of commissioners arise by reason of the death, resignation, or by absence, or by the mental or physical disability or incompetency of a member or members of the board for a period of six (6) months or more, the board shall by majority action of the remaining members appoint a commissioner or commissioners to fill any such vacancy or vacancies in office from among the qualified persons residing in the hospital district to serve until the expiration of the term of each such vacancy in office, or until the election and qualification of a successor or successors following the next general election."[3]
The Authority has questioned whether it still possesses the authority to fill the vacancy in light of Article IV, section1(f), Florida Constitution, and section 114.04, Florida Statutes. In light of these concerns, you ask whether the Authority or the Governor must fill the vacancy.
Article IV, section 1(f), Florida Constitution, provides:
"When not otherwise provided for in this constitution, the governor shall fill by appointment any vacancy in state or county office for the remainder of the term of an appointive office, and for the remainder of the term of an elective office if less than twenty-eight months, otherwise until the first Tuesday after the first Monday following the next general election."
The above constitutional provision refers to state and county offices. Membership on the Authority, created to perform a special and limited governmental function, does not constitute a state or county office.[4] Thus, the above constitutional provision is inapplicable to the Authority.[5]
Unlike Article IV, section 1(f), Florida Constitution, however, section 114.04, Florida Statutes, specifically refers to vacancies in district offices:
"Except as otherwise provided in the State Constitution, the Governor shall fill by appointment any vacancy in a state, district, or county office, other than a member or officer of the Legislature, for the remainder of the term of an appointive officer and for the remainder of the term of an elective office, if there is less than 28 months remaining in the term; otherwise, until the first Tuesday after the first Monday following the next general election. . . ."
Despite language in section 114.04, Florida Statutes (1963), which authorized the Governor to fill vacancies in district offices,[6]
the Legislature in 1965 specifically amended section 2.2 of the Authority's enabling legislation to provide that vacancies on the board of commissioners would be filled by the remaining commissioners.
I am aware of Attorney General Opinion 84-21, which concluded that a 1977 amendment to section 114.01, Florida Statutes (1975), required that vacancies in a state, district or county office (other than a member of the Legislature) be filled by the governor.[7] The opinion, however, recognized that the Legislature had the authority to provide by general or special law for the filling of vacancies in special district offices.
The language authorizing the board of commissioners to fill vacancies was adopted in 1965. The Legislature has amended the special act creating the Authority a number of times, including two amendments subsequent to 1977,[8] but has left section 2.2 unchanged.[9]
This office has no authority to declare a statute repealed by implication, but is bound by the terms of the special act until and unless declared invalid by a court of competent jurisdiction in an appropriate judicial proceeding.
Accordingly, this office must presume the validity of section 2.2 of the authority's enabling legislation, which requires that the remaining members of the board of commissioners fill a vacancy on the board, until legislatively or judicially declared otherwise.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] The act has been amended a number of times, see, e.g., Chs. 59-1949, 65-2344, 67-2152, 82-383, 88-473, Laws of Florida. While all of these modified the original act, none made substantial changes in the mission or jurisdiction of the hospital authority.
[2] Section 5, Ch. 57-2085, Laws of Florida.
[3] The above language was added to the Authority's enabling legislation by a 1965 amendment. See, s. 1, Ch. 65-2344, Laws of Florida.
[4] See, In re Advisory Opinion to the Governor,630 So.2d 1055, 1058 (Fla. 1994) (membership on the board of trustees of community college district, a special district, is not a state, county or municipal office; State v. Ocean Shore ImprovementDistrict, 156 So. 433 (Fla. 1934). And see, State ex rel. Smith v.Hamilton, 166 So. 742 (Fla. 1936) (officers of special district not within the purview of Art. XVI, s. 14, 1885 Const., which provided that "all state, county and municipal officers shall continue in office after the expiration of their official terms until their successors are duly qualified").
[5] See, Op. Att'y Gen. Fla. 84-21 (1984), noting, as had the Speaker of the House of Representatives who had requested the opinion, that Art. IV, s. 1(f), Fla. Const., "provides for the Governor to fill by appointment any vacancy in state or county office."
[6] See, s. 114.04, Fla. Stat. 1963, which provides in part:
"[I]n all other cases in which a vacancy may occur, if the office be a state, district, or county office (other than a member or officer of the legislature), the governor shall fill such office by appointment, and the person so appointed shall be entitled to take and hold such office until the same shall be filled by an election as provided by law. . . ."
[7] See, s. 1, Ch. 77-235, Laws of Florida. The amendment removed language stating that a vacancy was created when "any office created or continued by the constitution or laws shall not have been filled by election or appointment under the constitution or law creating or continuing such office." The 1977 amendment changed the language to provide that an office shall be deemed vacant when created.
[8] See, e.g., Chs. 59-1949, 61-2974, 63-2014, 65-2344, 67-2152, 69-1695, 71-951, 82-383, and 88-473, Laws of Florida.
[9] See generally, Alvarez v. Board of Trustees of City PensionFund for Firefighters and Police Officers in City of Tampa,580 So.2d 151 (Fla. 1991); Frazier v. Pingree, 612 F. Supp. 345
(M.D.Fla. 1985) (specific act is not subject to repeal by implication by a later generalized statute absent a clear intention to do so).