Dear Chairman Lawson:
On behalf of a majority of the members of the Board of Supervisors of the Hawthorne Mill Community Development District, you ask the following question:
What are the audit requirements for community development districts created pursuant to Chapter 190, Florida Statutes?
The Hawthorne Mill Community Development District is an independent special district created pursuant to the provisions in Chapter 190, Florida Statutes, by the City of Lakeland.[1] Chapter 190, Florida Statutes, the "Uniform Community Development District Act of 1980," provides "uniform, focused, and fair procedures in state law to provide a reasonable alternative for the establishment, power, operation, and duration of independent districts[.]"[2] The statute states that it is in the public interest any independent special district "not outlive its usefulness and that the operation of such a district and the exercise by the district of its powers be consistent with the applicable due process, disclosure, accountability, ethics, and government-in-the-sunshine requirements which apply both to governmental entities and to their elected and appointed officials."[3]
Section 190.007, Florida Statutes, prescribes the general duties of the board of supervisors of a community development district, including the appointment of a person who is a resident of Florida as treasurer of the district.[4] The treasurer has charge of the funds of the district, subject to disbursement only upon the order or resolution of the board by warrant or check. Section 190.007(2), Florida Statutes, specifically requires that "[t]he financial records of the board shall be audited by an independent certified public accountant at least once a year."
Thus, the plain language of the statute governing the creation and operation of community development districts requires an annual audit of the district's financial
records by a certified public accountant. Where the Legislature has directed the manner in which a thing is to be done, it acts as a prohibition against its being done in any other way.[5]
You note, however, that section 218.39(1), Florida Statutes, generally requires an annual financial audit of local governmental entities, with the exception that an audit is required of "[e]ach special district with revenues or the total of expenditures and expenses between $50,000 and $100,000 that has not been subject to a financial audit pursuant to this subsection for the 2 preceding fiscal years."[6] Pursuant to section 218.39(1)(h), Florida Statutes, it appears that a special district falling within the specified budgetary limits which is not otherwise required to submit an annual financial audit would be subject to an audit every three years. Community development districts, however, are otherwise required to conduct an annual financial audit of the districts' records under section 190.007(2), Florida Statutes. The more specific provisions of section 190.007(1), Florida Statutes, would control over the general provisions in section 218.39(1), Florida Statutes.[7]
Accordingly, it is my opinion that a community development district created pursuant to Chapter 190, Florida Statutes, must comply with the annual audit requirements of section 190.007(1), Florida Statutes.
Sincerely,
 Bill McCollum Attorney General
BM/tals
[1] See City of Lakeland Ordinance 4829, enacted February 5, 2007, and Florida Department of Community Affairs, Official List of Special Districts, www.floridaspecialdistricts.org.
[2] Section 190.002(1)(a), Fla. Stat.
[3] Section 190.002(1)(b), Fla. Stat.
[4] Section 190.007(2), Fla. Stat.
[5] See Alsop v. Pierce, 19 So. 2d 799, 805-806 (Fla. 1944); Dobbs v.Sea Isle Hotel, 56 So. 2d 341, 342 (Fla. 1952); Thayer v. State, 335 So. 2d 815, 817 (Fla. 1976).
[6] Section 218.39(1)(h), Fla. Stat.
[7] See City of St. Petersburg v. Carter, 39 So. 2d 804 (Fla. 1949);Board of Trustees of the City Pension Fund for Firefighters and PoliceOfficers in the City of Tampa v. Alvarez, 563 So. 2d 1110 (Fla. 2d DCA 1990) (the more specific statute covering a particular subject is controlling over one covering the same subject in general terms).