Dear Mr. Knox:
On behalf of the Brevard County Commission, you ask substantially the following question:
Does section 125.355, Florida Statutes, require an extraordinary vote of the Brevard County Commission to approve the purchase of real property acquired through the Stan Mayfield Working Waterfronts Program?[1]
In sum:
To the extent the Brevard County Commission must vote to approve the purchase of real property acquired through the Stan Mayfield Working Waterfronts Program, the provisions of section 125.355, Florida Statutes, would require an extraordinary vote when the agreed purchase price exceeds the average appraised price of a purchase in excess of $500,000.
You state that in 2009, the Florida Communities Trust (FCT) awarded Brevard County a grant to purchase property pursuant to the Stan Mayfield Working Waterfronts Program (program), Part III, Chapter 380, Florida Statutes. The county initially was awarded an amount not to exceed the lesser of 65% of the project cost or $2,665,00.00. Under the grant contract, you state, the FCT is responsible for "conducting all land acquisition activities and negotiating a tripartite purchase contract between FTC, the County, and the owner of the property identified in the grant application."[2]
Section 380.5105, Florida Statutes, provides for the administration of the program by the FCT. The section directs the FCT and the Department of Agriculture and Consumer Services to jointly develop rules establishing an application process and a process for the evaluation, scoring, and ranking of waterfront projects.[3] As part of the general powers granted to the FCT, the trust is authorized to make rules necessary to carry out the purposes of the act.[4] The trust is required to adopt rules governing the acquisition of lands, with such rules including "procedures for appraisals and confidentiality consistent with ss. 125.355(1)(a) and (b) and 166.045(1)(a) and (b), a method of determining a maximum purchase price, and procedures to assure that the land is acquired in a voluntarily negotiated transaction, surveyed, conveyed with marketable title, and examined for hazardous materials contamination."[5]
Section 125.355, Florida Statutes, imposes conditions on the purchase of real property by a county. For a purchase in excess of $500,000, the governing body of the county must obtain at least two appraisals from approved appraisers, with the requirement that the purchase be approved by an extraordinary vote if the agreed purchase price exceeds the average appraised price of the two appraisals.[6]
Rule 9K-10, Florida Administrative Code, sets forth the procedures that must be followed for land acquisitions under the Stan Mayfield Working Waterfronts Program.[7] As noted above, all acquisition activities are to be completed by the FCT.[8] When a project site is estimated to be at a value of $500,000 or more, the rule states that the trust must obtain at least two appraisals by approved appraisers.[9] The rule further provides that the maximum approved purchase price when two appraisals are required is the higher of the two values indicated in the appraisals.[10]
You have not directed my attention to any statutory or rule requirement that the FCT approve the final purchase price through an extraordinary vote, nor will this office comment upon such a requirement. However, I would note that Rule 9K-10.006, Florida Administrative Code, indicates that terms of the final purchase agreement are subject to an affirmative act by the recipient, the county in this instance, and the FCT.[11] Neither the statute, nor the rule appears to contain specific language as to what affirmative act must be taken.[12] It may be advisable to seek clarification through the Legislature or the FCT's rulemaking authority in this area as to what constitutes an affirmative act for purposes of approving the final purchase agreement.
It is generally a rule of statutory construction that a specific statute governing a certain subject will control over a general statute relating to the same matter.[13] It is fundamental, however, that statutes are to be read in harmony whenever possible.[14] In this instance, while the provisions in Part III, Chapter 380, Florida Statutes, are specific to acquisitions of real property under the Stan Mayfield Working Waterfronts Program, the statutory provisions state that the procedures for appraisals under the program must be consistent with the general provisions for purchase of real property by a county under section 125.355(1)(a) and (b), Florida Statutes. Thus, effect may be given to both section 125.355(1), Florida Statutes, and Part III, Chapter 380, Florida Statutes, without apparent harm to the purpose of either act. Accordingly, it is my opinion that to the extent a county must approve the purchase of real property with a value in excess of $500,000 under the Stan Mayfield Waterfronts Property Program, such approval must be by an extraordinary vote.
Sincerely,
Bill McCollum Attorney General
BM/tals
[1] Part III, Ch. 380, Fla. Stat., and, as you have provided, Rules 9K-9 and 9K-10, Fla. Admin. Code (applicable to the procurement of real property under the program).
[2] Rule 9K-9.003(8), Fla. Admin. Code, states that: "The Trust shall be responsible for the Acquisition activities." Seealso Rule 9K-9.011, Fla. Admin. Code, stating: "This rule chapter and Chapter 9K-10, F.A.C., shall govern in all matters of title, acquisition procedures, lease agreements and transfer of title for lands acquired pursuant to this rule chapter."
[3] Section 380.5105(2), Fla. Stat.
[4] Section 380.501, Fla. Stat., sets forth the title for Part III, Ch. 380, Fla. Stat., as the "Florida Communities Trust Act."
[5] Section 380.507(11), Fla. Stat.
[6] Section 125.355(1)(b), Fla. Stat. "Extraordinary vote" is not defined by law, but by its plain definition would appear to mean something greater than an ordinary vote by simple majority. "Extraordinary" is defined as "of, relating to, or having the nature of a proceeding or action not normally required by law or not prescribed for the regular administration of the law." Webster's Third New International Dictionary (1981), p. 807.
[7] Rule 9K-10.001, Fla. Admin. Code.
[8] Rule 9K-10.003 (5), Fla. Admin. Code.
[9] Rule 9K-10.004(4), Fla. Admin. Code.
[10] Rule 9K-10.004(5)(c), Fla. Admin. Code. Should the two appraisals differ significantly (if the higher of the two values exceeds 120 percent of the lower value), there are further steps which must be taken to derive a maximum approved purchase price pursuant to Rule 9K-10.004(5)(e), Fla. Admin. Code.
[11] Rule 9K-10.006(5), Fla. Admin. Code. Seealso Rule 9K-10.007(1), Fla. Admin. Code, stating that the form of the final negotiated purchase shall be a written purchase agreement "signed by the Owner(s), the Recipient and the Trust."
[12] Cf. Op. Att'y Gen. Fla. 78-141 (1978) in which this office addressed a situation where the governing statute did not state whether the action of the governing body of a municipality in regulating traffic should be in the form of an ordinance rather than a resolution. The opinion cites to s. 166.041(1)(a), Fla. Stat., defining "ordinance" as "an official legislative action of a governing body, which action is a regulation of a general andpermanent nature and enforceable as a local laws," (e.s.) while s. 166.041(1)(b), Fla. Stat., defines "resolution" as "an expression of a governing body concerning matters of administration,an expression of temporary character, or a provision for thedisposition of a particular item ofthe administrative business of the governing body." (e.s.)
[13] See City of St. Petersburg v. Carter,39 So. 2d 804 (Fla. 1949); Board of Trustees of the City PensionFund for Firefighters and Police Officers in the City of Tampa v.Alvarez, 563 So. 2d 1110 (Fla. 2d DCA 1990) (the more specific statute covering a particular subject is controlling over one covering the same subject in general terms).
[14] See generally T.R. v. State, 677 So. 2d 270 (Fla. 1996) (whenever possible courts must give effect to all statutory provisions and construe related statutory provisions in harmony with one another); R.F.R. v. State,558 So. 2d 1084 (Fla. 1st DCA 1990) (laws applying to same general field are presumed to be harmonious).