Dear Mr. Upton:
On behalf of the interim Secretary of State Dawn K. Roberts, you ask substantially the following question:
For purposes of filling a vacancy on a soil and water conservation district board pursuant to Chapter 582, Florida Statutes, what is meant by "until the next regular election" in establishing the term of the successor appointed by the board?
In sum:
The Department of State should consider the next scheduled general election following a vacancy on a soil and water conservation district board as the "next regular election" for notification of a vacancy to be filled at the general election.
A soil and water conservation district is a governmental subdivision of the state organized pursuant to Chapter 582, Florida Statutes.[1] A district, composed of land lying within defined limits of a territory proposed as a district, is created by petition to the Department of Agriculture and Consumer Services.[2] The governing body of a district consists of five supervisors, elected as provided in Chapter 582, Florida Statutes.[3] The term of office of each supervisor is four years, with the exception that two of the supervisors are elected for initial terms of two years.[4] Section 582.19(2), Florida Statutes, further provides that "[a] supervisor shall hold office until her or his successor has been elected and qualified. The selection of successors to fill an unexpired term shall be in accordance with s. 582.18(2)."
Section 582.18(2), Florida Statutes, states:
"After the issuance of a certificate of organization of a soil and water conservation district by the Department of State, or in the event of a vacancy resulting from death, resignation, removal, or otherwise, each vacancy shall be filled by appointment by theremaining supervisors of the district until the next regularelection." (e.s.)
The plain language of the statute dictates that a vacancy filled by appointment by the board shall be for the time period until the next regular election. You indicate that you are unaware of any statutory definition of "regular election" and question whether the Legislature intended the span of time to be until the next scheduled general election or the next general election at which the supervisor's term would have ended.
Section 582.18(1), Florida Statutes, sets forth the procedures for the election of supervisors of each district:
"The election of supervisors for each soil and water conservation district shall be held every 2 years. The electionsshall be held at the time of the general election provided forby s. 100.041. The office of the supervisor of a soil and water conservation district is a nonpartisan office, and candidates for such office are prohibited from campaigning or qualifying for election based on party affiliation." (e.s.)
Thus, the statute provides that the election of the supervisors shall be held at the time of the general election provided for in section 100.041, Florida Statutes. Moreover, as noted above, three members of the board are elected at the same general election, while the remaining two are elected at the general election held in the alternate even-numbered, two-year cycle. This creates staggered terms such that there would be no election at which more than three seats on the board would be on the ballot. While the provisions in section 100.041, Florida Statutes, address the officers who are chosen at a general election and sets forth a system of election in alternating even-numbered years, section 100.031, Florida Statutes, states:
"A general election shall be held in each county on the first Tuesday after the first Monday in November of each even-numbered year to choose a successor to each elective federal, state, county, and district officer whose term will expire before the next general election and, except as provided in the State Constitution, tofill each vacancy in elective office for the unexpired portion ofthe term." (e.s.)
You note that there may be a conflict between the provisions in section 582.18, Florida Statutes, and section 114.04, Florida Statutes. Section 114.04, Florida Statutes, states:
"Except as otherwise provided in the State Constitution, the Governor shall fill by appointment any vacancy in a state, district, or county office, other than a member or officer of the Legislature, for the remainder of the term of an appointive officer and for the remainder of the term of an elective office, if there is less than 28 months remaining in the term; otherwise, until the first Tuesday after the first Monday following the next general election. . . ."
It is a general rule of statutory construction that a specific statute governing a certain subject will control over a general statute relating to the same subject matter.[5] It is fundamental, however, that statutes are to be read in harmony whenever possible.[6] As the more specific legislation, the provisions in section 582.18, Florida Statutes, would apply to the appointment of individuals to fill vacancies on soil and water conservation boards. However, there is nothing in the legislation that would suggest that the Legislature intended to grant a more expansive authority to appoint individuals to fill vacancies on the board than the authority granted to the governor in section 114.04, Florida Statutes.
It would appear, therefore, reading all of the above-cited provisions in a manner to give effect to each and to fulfill the Legislature's intent, that the appointment of a supervisor to fill a vacancy until the next regular election should be interpreted to mean that the remaining supervisors will appoint a successor to fill the vacancy on the board until the next scheduled general election, at which time a supervisor will be elected to fill the unexpired portion of the term. If the next scheduled general election coincides with the end of the term for the vacant position, then the seat will be open for election to a full term.
Accordingly, it is my opinion that for purposes of filling a vacancy on a soil and water conservation district board pursuant to Chapter 582, Florida Statutes, the Department of State should consider the next scheduled general election as the "next regular election" for notification of offices and vacancies to be filled at the general election.
Sincerely,
 Bill McCollum Attorney General
BM/tals
[1] Section 582.01(1), Fla. Stat.
[2] See s. 582.10(1), Fla. Stat., prescribing that the petition contain: the proposed name of the district; the need for the district to function within the territory described; a description of the territory proposed to be organized as a district; and a request that the department define the boundaries of the district, that a referendum be held on the question of the creation of the district, and that the department determine that the district be created.
[3] Section 582.19, Fla. Stat.
[4] Section 582.19(2), Fla. Stat.
[5] See City of St. Petersburg v. Carter,39 So. 2d 804 (Fla. 1949); Board of Trustees of the City PensionFund for Firefighters and Police Officers in the City of Tampa v.Alvarez, 563 So. 2d 1110 (Fla. 2d DCA 1990) (the more specific statute covering a particular subject is controlling over one covering the same subject in general terms).
[6] See generally T.R. v. State, 677 So. 2d 270 (Fla. 1996) (whenever possible courts must give effect to all statutory provisions and construe related statutory provisions in harmony with one another); R.F.R. v. State, 558 So. 2d 1084 (Fla. 1st DCA 1990) (laws applying to same general field are presumed to be harmonious).